Reed, J.,
delivered the opinion of the court.
•We are at a loss to understand upon what theory appellants base their claim for a reversal of the judgment as to the •ownership of the goods in controversy. Tlie-notes and chattel mortgage had-beenlong due;- possession taken long pre *533 vious; part of goods sold, and proceeds applied; and-the balance,, when attached, were in a warehouse, stored by appellee. No evidence was introduced attacking the bona-fides of the transaction, challenging the amount óf money advanced, or the balance of over $400, remaining due- and unpaid. The manager for appellants testified that he knew the goods had been taken by appellee on the mortgage, and by her stored with Turner, before he sued out his attachment and levied upon them. •
In his printed argument, counsel for appellants, in several pages, indulges in criticism as to the entire transaction between appellee and Mrs. McGee, urges that it was collusive and fraudulent, and that it should have been so regarded hy the court.
The fraud and collusion that vitiate a title and avoid aeon-tract cannot be evoked from his own mental cogitations o’r conclusions. It is a well settled and fundamental principle of the law that fraud cannot be established by presumption;that it, like any other faet, can only be established by competent evidence. No foundation was laid upon the trial upon which his argument could be based. The facts as to 'the ownership of the goods were all before the court, unchallenged and uncontradicted. . The court was justified in finding appellee the owner of the property.
It is contended, also, that the judgment of the court was void because the court did not find the value of each article attached and embraced in the inventory. Several authorities are cited to show that in replevin such finding is necessary. A sufficient answer is that the proceeding was nob in replevin. The only issue attempted to be tried was that'of ownership. Had appellants claimed and made proof- upon trial that the goods exceeded in value the amount due appellee, they could; by proper proceedings, have obtained the excess; but no such claim was made. ( - ;
It is contended that the allowance of judgment for $11.25 storage upon the goods was unwarranted. The evidence is vague and indefinite, except in the affidavit of intervention. *534 where it was said: “ That true demand has been made on said officer to surrender said goods; but he refuses to do so.” All that is shown by the evidence is that the goods were in the control of the officer a month and a half under the attachment, but remained in the warehouse where she had stored them, under a contract to pay §7.50 per month storage, and that the amount paid by her for storage during the time they remained embraced the time they were under attachment. There is no evidence of any demand, or desire to remove the' goods, or that she was subjected to any additional cost by reason of the attachment, or that she had to pay, when she' desired to take them, a greater amount than she had agreed to in the original contract for storage. We cannot see how that item under the evidence can be allowed as damage.
Fifty dollars, paid by ’ appellee in attorney’s fees, was allowed as damages. We can find no authority for such allowance in cases of this character. The allowance of attorney’s fees is not discretionary with the court; it must be under a statute, or by virtue of a contract. Neither is claimed or shown. It is urged that in analogy to other cases where they have been allowed they were proper in this. Eighteen or twenty cases, in all manner of actions, in other states, are oited in support of the judgment. Whether or not they were based upon statutes of those states, we have no means of-knowing, nor time nor disposition to ascertain. All allowance of damage of that kind is in derogation of, or an innova-' tion upon, the common law in actions at law, and should be dependent upon statute; and we are not disposed to extend the practice, but limit it strictly to cases provided for by statute or contract.
The finding of the county court as to. the ownership of the property will be affirmed. The judgment as entered will be modified by remitting the items of §11.25 storage and §50.00 for attorney’s fees.

Modified and affirmed.