## SEPTEMBER TERM, 1895.

### SPENCER v. MURPHY.

1. DAMAGES—ATTORNEYS' FEES.
Attorneys' fees as damages cannot be allowed in the absence of a statute or contract to that effect.

2. DAMAGES—FIRES.
Actual damages only are recoverable in an action brought under section 1036, Gen. Stats., for setting out a fire.

3. IMMATERIAL ERROR.
An erroneous instruction that exemplary damages might be awarded does not constitute reversible error when it is apparent from the record that none were awarded.

*Appeal from the County Court of Arapahoe County.*

Mr. L. K. PRATT and Mr. J. L. FINLEY, for appellant.

Mr. GEO. C. NORRIS, for appellee.

REED, P. J., delivered the opinion of the court.

Appellant set out fire along an irrigating ditch on his own premises to burn weeds that had accumulated in the ditch. The fire caught on the prairie, got beyond his control, or was not properly attended to to prevent its spreading; was thought to have been exhausted or harmless. The next day, with increased wind and a change of direction, it reached the prem-

ises of appellee, destroying some personal property and winter pasture or grass, about 50 acres in extent. The suit was brought for $129.35 before a justice of the peace. Among the items going to make up the amount was labor of plaintiff, two nights fighting fire, $10.00; attorney's fees, $20.00. There was a verdict for the plaintiff for $151.60, $22.25 in excess of the amount claimed by the plaintiff. An appeal was taken to the county court, a trial had to a jury, a verdict for the plaintiff for $120.50, judgment upon the verdict, and an appeal taken to this court.

The action was brought under sec. 1036, General Statutes, which is: " If any person shall set on fire any woods or prairie so as to damage any other person, such person shall make satisfaction for the damages to the party injured, to be recovered in an action before any court of competent jurisdiction." There were no questions in regard to the facts.

Several errors are assigned that I do not find it necessary to discuss. The whole amount claimed by the bill of particulars filed was $129.35, of which $10.00 was for services of plaintiff in fighting fire, $20.00 for attorney's fees, leaving the claim, without those items, $99.35. Neither of those items were proper elements of damage. The first was voluntary. There was no employment by the defendant. The damage must be confined to loss by fire, and could not include compensation for services. In regard to the second, attorney's fees are no part of the damage. There is no law for such allowance. They are only given when provided for by statute, and courts are averse to extending the rule, even legally permissible.

See *Joslin v. Teats*, 5 Colo. App. 531; where this court said: " The allowance of attorney's fees is not discretionary with the court. It must be under a statute or by virtue of a contract."

The court, among others, gave the jury the following instruction: " The jury are instructed that if they believe from the evidence that the injury complained of was caused by a fire started by the defendant or his employees, and that the

conduct of the defendant in relation to said fire showed a wanton and reckless disregard of the plaintiff's rights in the premises, then in addition to actual damages sustained by the plaintiff, you may award him reasonable exemplary damages."

This instruction was erroneous. In cases of this character exemplary or punitive damages have no place. Recovery can only be had for damages actually sustained. If exemplary damage had been awarded a reversal would be necessary, but the record shows that the defendant was not prejudiced by the instruction. The actual loss by fire as shown by the bill of particulars filed was $99.35, charge for services $10.00, attorney's fees $20.00, making $129.35. There was a verdict and judgment for $120.50. Deducting the items of service and fees leaves for actual loss $90.50, a sum less than shown by the bill filed, by $8.85. The amount of actual damage sustained was not questioned, but admitted upon the trial; consequently no exemplary damages could have been included.

The judgment must be affirmed on the common law ground of negligence, regardless of the construction of the special statute. The use of fire was shown to have been for convenience, not necessity. In the use for convenience of an agent so dangerous, it must be such as to render damage to others not only improbable, but impossible. High winds and change of wind will not exonerate, if loss occurs. They and other climatic changes are to be anticipated. After the fire had gone beyond his control, instead of making efforts to extinguish it, he abandoned it and left his neighbors to suffer the consequences, while he went on a business trip to a town some forty miles distant, evincing perfect indifference to the results.

The actual damage having been conceded to have been $99.35, the judgment must be affirmed for that amount, and the $21.15 in excess for labor and attorney's fees disallowed.

The judgment will be modified by reducing it to $99.35, and so modified will be affirmed.

*Modified and affirmed.*