Davis, J.
The testimony clearly shows that the plaintiff below, defendant in error here, was one of a party of men who were creating some disturbance in a street car. Whether or not it would be regarded in that locality as “disorderly conduct” is not for us to say, for there seems to be some dispute about it; but it is certain that the conduct of the party was such as was likely to mar the comfort of peaceable and well behaved passengers in a public conveyance, especially of ladies. There were some white women and also three colored women in the car, the latter sitting in front of and near to the plaintiff and his friends. The testimony tends to prove that something passed between the plaintiff and his party and the colored women which caused the latter to get up and leave the car by the rear door, in a manner indicating displeasure ; and that as they left the car they said to the conductor: “If we can’t ride without being insulted we will get off” and “It is a pity a person can’t ride on these cars without being insulted by somebody that is drunk.” There is testimony tending to prove that at the time this occurred, the conductor had already warned the men once, and perhaps twice. Under these circumstances, the court instructed the jury, as to what was said by the colored women when leaving the car. that if'these words were not spoken in the hearing of the plaintiff, or loud enough to *210 be heard by him, they should entirely disregard what was said.
We do not understand that this evidence was offered for the purpose of proving that the plaintiff and his companions were intoxicated and had insulted the women. In other words it was not offered as an admission by reason of he failure of the plaintiff to deny the statement. If that were the sole purpose of the introduction of the evidence and the sole effect of it,- there would be nothing objectionable in the instruction to the jury. We are all of the opinion, however, that this evidence was competent as part of the res gestee whether the words were, or could have been, heard by the plaintiff or not; but it was also in issue in the case, whether the plaintiff had been unlawfully ejected from the car, and it was also a question whether the defendant’s servants acted with malice or insult towards the plaintiff. To maintain the issues on its part the defendant was not only entitled to show the actual conduct of the plaintiff but the effect of it on the passengers and the complaints of the latter in regard to it, in order to show that its servants acted justifiably and without malice. It cannot, with any reason, be said that such complaints must be made in the presence or hearing of the offender. In this aspect of the case we regard the charge of the court as erroneous and highly prejudicial.
Again, the court proceeded to correctly define the circumstances under which, if found by the jury, they might award to the plaintiff not only compensatory damages, but in addition thereto exemplary or punitive damages. The court even *211 cautioned the jury that they should not award exemplary damages, unless they should find that the expulsion of the plaintiff from the car “was done not* only without justification, but in a malicious and insulting manner.” The court then proceeded to say: “Otherwise you should only allow such an amount as would fairly compensate him * * * . And as a matter of compensation you would have a right to alloy him a reasonable amount for the services of his counsel in bringing arid maintaining this action against the company.” In this last sentence, we think that the court fell into a serious error.
Although the doctrine announced in Roberts v. Mason, 10 Ohio St., 277, has never been universally accepted in the other states, yet from that time to the present it has been the settled law of Ohio, that in cases involving the elements of fraud, malice or insult, the jurv may award exemplary or punitive damages in addition to damages merely compensatory; and that “in such a case” the jury may include reasonable counsel fees in their estimate of compensatory damages. Roberts v. Mason, ut supra; Atlantic & Great Western Ry. Co. v. Dunn, 19 Ohio St., 162; Finney v. Smith 31 Ohio St., 529; Stevenson v. Morris, 37 Ohio St., 10; Peckham Iron Co. v. Harper, 41 Ohio St., 100; Railroad Co. v. Scott, 56 Ohio St., 736. Contra, Kelly v. Rogers, 21 Minn., 146.
But, although we have made a somewhat extended search, we are not aware of anv well considered case in which it was held that, in the absence of statute or express agreement, attorney’s fees might be included ■ as part of the damages *212 where compensatory damages only could be allowed. There are, however, numerous cases in which the contrary doctrine has been distinctly announced and applied. We cite a few of them. Burruss v. Hines, 94 Va., 413, 420; St. Peter’s Church v. Beach, 26 Conn., 355; Eatman v. Railway Co., 35 La. An., 1018; Welch v. Railroad Co., 12 S. Car., 290; Lincoln v. Railroad Co., 23 Wend. (N. Y.), 425; Day v. Woodworth, 13 How. (U. S.), 363; Flanders v. Tweed, 15 Wallace, 450; Joslin v. Teats, 5 Colo. App., 531; Spencer v. Murphy, 6 Colo. App., 453.
Finney v. Smith, 31 Ohio St., 529, is chiefly relied upon to support the rule of damages given to the jury in this case. Finney v. Smith was an action for libel and, in interpreting the language of the court, it should not be forgotten that, when an alleged libel is shown to be false, malice is presumed. In such a case, evidence in mitigation only tends to rebut malice, but it cannot amount to a complete defense or justification. Therefore, so long as the presumption of malice is not entirely overcome the rule of damages laid down in Roberts v. Mason applies; that is compensatory damages, including counsel fees and, in addition if the jury see fit, exemplary damages. In Finney v. Smith the court notes the fact (p. 535) that the record contains evidence tending to establish the charge made in the petition and also evidence tending to show that the defendants may have acted under a misapprehension and so the court say, “The clause of the charge excepted to, is not drawn with accuracy and fullness of expression m itself, but, when taken in connection with the whole charge, *213 which is set out, we do not find it erroneous; and we see no reason to apprehend that the jury could have been misled by it to the prejudice of defendants.” In our view of the case, the few lines of opinion by Boynton, J., ring clear and true. and meet our approval.
Indeed, it is difficult to understand how the rule of damages given to the iury in this case, can be worked out in harmonv with Roberts v. Mason, 10 Ohio St., 278, in which it was said that, “the better opinion now seems to be, that in actions ex contractu, arid in cases nominally in tort, but where no wrong in the moral sense of the term is comnlained of, the fees of counsel ought not to be included in the estimate of damages;” and, as it was said by Mr. Justice Grier, in Day v. Woodworth, ut supra, “it is a moral offense of no higher order, to refuse to pay the * * * damages for a tresoass. which is not wilful or malicious, than to refuse the payment of a just debt.”
The court below properly said to the jury that if they should find that the ejectment of plaintiff from the car was not justified, but was not done with malice or in an insulting manner, they could award compensatory damages only; but the court erred in instructing the jury, in that connection, that, in case they should so find, as a matter of compensation they might allow to the plaintiff a reasonable amount for services of his counsel.
The judgment of the circuit court and .that of the court of common pleas are therefore

Reversed.

Crew, C. J., Summers and Shauck, JJ., concur.