DREW, Justice.
The City of Miami Beach filed a complaint seeking a judicial determination concerning certain sections of the personnel rules adopted pursuant to the Civil Service Act governing City of Miami Beach and certain provisions contained in the Pension Plan for Police and Firemen of said City of Miami Beach. Chapter 23414, Sp.Laws of Florida, Acts of 1945 and acts amendatory thereof and supplemental thereto.
The personnel rules of the City of Miami Beach, Florida, provide:
“Annual Leave: Annual Leave shall be granted to all employees who have Regular status in any classification whatsoever at the rate of twenty (20) days with pay for each full year of service, but shall not be granted to employees serving under Provisional appointment nor to employees serving their original Probationary Period. Annual Leave shall be used for absences because of sickness or injury, not service connected, or because of the death or serious illness of a member of the employee’s immediate family, for religious holidays, and for yearly vacation absences. Annual Leave with pay shall in no case exceed the yearly allowance plus any accumulation of the employee, except in such cases as the City Manager shall recommend and the City Council shall approve.
* * * * * 1 *
“3. Any portion of the Annual Leave of a Regular employee, not otherwise used shall be accumulated, and after the earned balance of Annual Leave to the credit of such Regular employee at the end of the calendar year shall be such that longer than normal vacations can be granted without the resulting time charged for such vacation reducing the earned balance below sixty (60) days, such Regular employee may be granted a vacation not to exceed twenty (20) work days. Any earned balance of Annual Leave, including credits provided for in Paragraph (a) 4 of this Section, of a Regular Employee who dies in the service of the City, or who retires under the terms of any City Pension Plan, shall be paid to the beneficiary or employee respectively at the rate of compensation received by such Regular employee at the time of his death in service or retirement. Any earned balance of Annual Leave, deducting therefrom any credit granted under the provisions of Paragraph (a) 4 of this Section, of a Regular Employee who resigns in good standing shall be paid to such Regular Employee at the rate of compensation received by such Regular Employee at the time of his resignation in good standing, provided that such payment shall not be made until such time as the resigned Regular Employee shall forfeit his right to reemployment either by time limitation or by written forfeiture of all' Civil Service rights. Such payment for balance of Annual Leave payable to a retired Regular Employee, a beneficiary of a deceased Regular Employee or to a resigned Regular Employee shall in no case exceed an amount equal to one year’s compensation at the rate of pay received by such Regular Employee at the time of his retirement, death or resignation.”
*794 The pension plan aforesaid contains a provision that, in order to be entitled to the benefits thereof, the members of the plan shall contribute to the fund created to finance the system a percentage of the salary and wages of such members in the form of payroll deductions. The plan provides that, upon application, a member of the plan, who has completed twenty years of “creditable service” or who has attained age 55 with ten years or more of “creditable service” or who has become permanently or totally disabled other than in the line of duty after five years of “creditable service”, may retire and, in the event thereof, shall receive certain benefits, such benefits, being primarily based upon the years of “creditable service” of such members. It is also provided in the pension plan that in computing service allowance, “creditable service” shall include all periods of time of actual work for which wages or salaries were received by members of the system, including time served in the unclassified service of the city.
The complaint alleges, and it is admitted, that certain members of the system who are presently qualified to retire have accumulated leave to their credit.
The complaint alleges that there is a conflict under the terms of the pension plan as to the basis upon which a member makes his contribution to the system. One portion of the plan provides that each.member shall contribute by payroll deductions a percentage of his salary or wages while another section provides for a contract between the city and the member whereby the member agrees to contribute by payroll deduction a percentage of his salary, wages or compensation. The complaint further alleges that the city is in doubt as to the following matters: (1) whether annual leave which has been accumulated by a member of the system under the provisions of the personnel act as aforesaid shall be computed as “creditable service” in determining reqúirements for retirement or (2) for the purpose of determining the amounts of benefits by a member of the plan who elects to retire and (3) whether a member of the plan is required to contribute by payroll deduction a percentage of the sum received by such member for accumulated annual leave and, if such be not the case,, whether all such sums which have been heretofore deducted should be returned to-the members.
The lower court entered a decree in-which it determined, and we quote directly from the decretal portion thereof, as follows :
“(1) That unused vacation and sick-leave time, referred to in Rule XII of the Personnel Rules as ‘Accumulated Leave,’ and for which policemen and firemen of the City of Miami-Beach are paid, upon retirement or death, may not be deemed to be, or computed as ‘periods of time of actual' world in determining periods of ‘creditable service’ for retirement purposes within the meaning of Section 18, Chapter 23414, Laws of Florida, 1945,. as amended through 1953; nor may sums received by members of the policemen’s and firemen’s Pension Fund for ‘accumulated leave’ be included in the determination and computation of benefits payable upon the death or retirement of members of the Policemen’s and Firemen’s Pension Fund of the City of Miami Beach under said statutory provisions.
“(2) That the City of Miami Beach is not authorized or permitted to deduct from amounts payable for such ‘accumulated leave’ to members of the Policemen’s and Firemen’s Pension Fund of the city of Miami Beach, any sum or sums whatsoever as a required contribution of said members to said Pension Fund, the Court finding and declaring that such ‘contributions’ are violative of the provisions of Sections 2(b) and 18 of Chapter 23414, Laws of Florida 1945, as amended through 1953.
“(3) That any deductions heretofore made by the City of Miami Beach from amounts payable for ‘accumulated leave’ as ‘contributions’ to said *795 Pension Fund payable by the members thereof were, and are, unauthorized, and must be repaid by the City of Miami Beach to the persons entitled thereto.”
On appeal the city does not question the correctness of the holding of the lower court with respect to paragraph (1) in the quoted portion of the decree but assigns as error thé holding of the lower court set forth in paragraphs (2) and (3) above.
The city having conceded the correctness of the holding of the lower court that the accumulated annual leave on the records to the credit of a member of the system may not be computed as a period of time of actual work in determining either creditable service for retirement purposes or benefits payable, is hardly in a position to question the correctness of the findings that such accumulated leave is not subject to payroll deductions for the benefit of the system. It is perfectly obvious that if this accumulated leave has no relation to either the right to retire or the amount to be received in the event of retirement, it should not be burdened for the purpose of supporting the retirement' system. It is perfectly plain that if the member elects to take his 20 day vacation and work for a third person during such period, the amount so received in such employment would not be burdened in any manner for the support of the system. There is no logical reason why if he elects to work for the city during the same period of time, the city should have any right whatever to take out a portion of the wages, compensation or salary earned to support the retirement system. It is a part of the philosophy of most all pension systems and an elemental principle of economics that benefits received under them are ordinarily directly related to the amount of contribution of the members. Such is certainly true of the purchase of a retirement policy and there is no difference in principle. The court having held, and we think correctly, that accumulated leave is not to be considered as “creditable service” in computing benefits, there is no justification or reason to hold that a deduction be made therefrom, for the benefit of the system. To illustrate the relationship of contributions to benefits in this pension system, there is a provision in the act, supra, that a member who enters the armed forces may have the time spent therein considered as “creditable service” for computing benefits but only on condition that he pay into the fund what his contributions would have been had he remained in the employ of the city for such period of time. In construing acts of this kind, it is an elemental principle and plain common sense to place a construction on it that would avoid an inequitable result or result in favoring one member over another. The example drawn by appellees to illustrate that the contention of the appellant could and probably would result in inequality between members of the system is, we think, accurate and appropriate. They say, and we quote:
“For example, the case of two men both having twenty years of service, one having accumulated leave and one not, would result in the following inequity. The member who accumulated one year’s annual leave- would contribute twenty-one (21) years of deductions and would receive only twenty (20) years benefits. On the other hand, the member who has no accumulated leave payment will pay twenty (20) years contributions and receive twenty (20) years of benefits. The extra money contributed from accumulated leave by the first man would be used by the •City to lessen the amount it would have to contribute to the Fund as required by the Act.”
Having reached the conclusion that we have with reference to the matter, it naturally follows that the sums which have been heretofore deducted from such accumulated leave should be refunded.
The decree appealed from -is in all respects affirmed.
ROBERTS, C. J., and TERRELL and THOMAS, JJ., concur.