## No. 17,608.

PUEBLO FIREMAN'S PENSION BOARD, ET AL. *v.*
L. W. HUBERSBERGER.
(288 P. [2d] 352)

Decided September 26, 1955.   Rehearing denied October 24, 1955.

Mr. GORDON D. HINDS, for plaintiff in error.

Mr. WALTER J. PREDOVICH, Mr. A. T. STEWART, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

PLAINTIFF in error will hereinafter be referred to as the Board, and defendant in error will be referred to as the Petitioner. It is admitted that Petitioner was employed by the Pueblo Fire Department from June, 1931, to June 30, 1943. On June 18, 1943, Petitioner was injured in an accident arising out of and in the course of his employment, he being at that time a captain in said fire department, and a member in good standing in the Classified Service of Pueblo, contributing a portion of his salary to the Firemen's Pension Fund. It is also admitted that the injuries sustained by Petitioner disabled him permanently from the performance of any duties as a captain or active member of the Pueblo Fire Department. The Board directed that Petitioner report for work on March 1, 1945 as an operator on the telephone switchboard at the Central Fire Station in Pueblo. He declined to accept the position and upon his refusal to report for duty, Petitioner was discharged. At the time Petitioner's demand for a pension allowance was made this switchboard position was not in the classified service and was not under the Fire Department. It was not until April, 1952, that the switchboard operator's job was placed under the Classified Service of Pueblo under the title of "Fire Alarm Operator."

At all times Petitioner insisted that he was entitled to a pension under C.R.S. 1953, 139-50-7. The compensation suggested for this work was the same he was receiving as a captain in the department. By appropriate proceedings, Petitioner sought a review of the Board's action in the District Court. He had judgment in his favor which awarded him a pension in accordance with the pertinent statutes, and the Board brings the cause here by writ of error.

The sole question presented by this writ of error is: Can a captain in a fire department who injured his back while acting in such capacity and in the line of his duties and who is under the Classified Civil Service of Pueblo be denied his pension where the facts show that he is so

disabled as not to be able to perform his duties as such captain, and then be transferred by the Board in charge of such pensions to a position as switchboard operator, which job was not under civil service and not within the fire department until some nine years after the captain was disabled and made demand for the award of a pension?

The applicable statute is C.R.S. 1953, 139-50-7, which reads, "* * * If any member or officer of any fire department shall become mentally or physically disabled so as to render necessary his retirement from service in such department, said board of trustees *shall* retire such member from service in such department, and he *shall* receive from the pension fund an amount equal to one half of the monthly salary received by him at the time he shall become so disabled. * * *" (Emphasis supplied.)

It is manifest from reading the foregoing legislative enactment that once the petitioner's disability was established (as was done in this case) that it was the mandatory duty (as evidenced by the word "shall") of the Board to retire the Petitioner and grant his pension. The Board recognized the Petitioner's disability by relieving him of his duties as captain in the department. We think that the statute is clear and free from ambiguity and is capable of only one interpretation, if interpretation be required.

It is the position of counsel for the Board that that body and the city council of Pueblo can defeat the Petitioner's right to a pension by assigning him to a position as a telephone switchboard operator.

In *Board of Trustees of the Policemen's Pension Fund of the City of Pueblo, et al v. Starasinich,* 128 Colo. 556, 264 P. (2d) 103, we said: "* * * we must accept the law as enacted and not undertake to read into the statutes or ordinances requirements or conditions not imposed by the Legislature and thus change the law by judicial construction."

The case of *Woodroof v. City of Nashville,* 29 Tenn.

App. 426, 197 S.W. (2d) 4, aptly states a rule applicable to the instant case. We quote: "* * * The legislature did not intend to permit the city to reduce an employee in rank, level and dignity and change his class of employment by forcing him to accept a position which would accomplish that result; and then supplement such lower salary by an amount sufficient to pay the employee his former salary, *and thereby deprive him of his pension.* If we should establish such rule in the instant case, the rule could be applied to compel an employee of the city to accept any position of a different class and lower level and rank, provided the employee received his original pay; and *by this method defeat his pension. The legislature never intended for transfers to be manipulated so as to accomplish that result."*

Before a final determination was made by the Board in the instant case, several "executive" sessions of the Board were held at which Petitioner was not present and of which he had no notice. At one place in the record it appears that the Board had made "investigation" and that petitioner had not suffered disability warranting retirement and that the Board recommended to the Council of Pueblo his assignment as a switchboard operator. By its answer the Board admitted that Petitioner's injuries disabled him from performing his duties as a captain. The nature of the "investigation" does not appear and from the uncontroverted evidence it is crystal clear that Petitioner received an injury to his back which totally disabled him from performing his duties as a captain in the Fire Department. Petitioner was entitled to know what facts the Board relied on and an opportunity, after notice, to present evidence to controvert the factual situation used as a basis for the conclusion of the Board. In view of the admission in the Board's answer in this case there can be no doubt about petitioner's permanent disability.

The joint action of the Board and the City Council of Pueblo in attempting to deprive Petitioner of his

pension by relegating him to a non-classified position as telephone switchboard operator was without warrant in law, and contrary to the pertinent statute. Were we to hold otherwise, a pension board could with justification say to an injured chief of a fire department: "You are injured to such an extent that you cannot act as chief any longer, but you will make a good janitor or watchman in some department of the city, and we recommend to the council that they find such a job for you; hence we deny your application for a pension." It is obvious that had Petitioner accepted the telephone switchboard job he would have waived his right to a fireman's pension and upon the termination of that employment for any reason, such pension rights would be forever lost to him.

We conclude that the matters involved herein were correctly resolved by the trial court and its judgment is affirmed.