No. 19,842.

JAMES H. HUBBARD *v.*
PUEBLO FIREMEN'S PENSION FUND, ETC., ET AL.
(374 P. [2d] 492)

Decided September 17, 1962.

·Mr. EDWIN K. MARTIN, Messrs. FUGATE, MITCHEM, MC-GINLEY & HOFFMAN, for plaintiff in error.

Messrs. PREDOVICH & WARD, for defendants in error.

*En Banc.*

MR. JUSTICE McWILLIAMS delivered the opinion of the Court.

THE ultimate issue to be resolved is whether the Board of Trustees of the Firemen's Pension Fund of the City of Pueblo (hereinafter referred to as the Board) exceeded its jurisdiction or abused its discretion in denying Hubbard's application for retirement with a pension from the Pueblo Fire Department. The more immediate question is whether there is evidence to support the findings of the Board that Hubbard was not so physically disabled as to render necessary his retirement from the Pueblo Fire Department.

Hubbard, a fireman first class, suffered an injury to his left hip and leg as the result of a fall in an elevator shaft. For a period of about one year immediately after the fall Hubbard was totally disabled and under applicable statute (C.R.S. '53, 139-50 et seq.) and the several implementing ordinances of the City of Pueblo he received half pay. Hubbard then applied to the Board for retirement from the Pueblo Fire Department and for the pension provided in connection with such retirement.

The Board after considerable delay held a hearing on this application, at which time and place Hubbard was personally present and also was represented by counsel. At this hearing four doctors expressed their respective opinions as to the nature and extent of his physical disability. The Board thereafter denied his application, whereupon Hubbard brought the present action under Rule 106 (a) (4) R.C.P. Colo. The trial court approved the action of the Board, and Hubbard is here by writ of error seeking reversal of the judgment.

The record discloses that the duties of a fireman first class, in addition to the traditional ones such as sliding

down a pole, riding the truck, pulling hose and putting out a fire, also included fire prevention and first aid work. Immediately prior to his accident Hubbard, as a fireman first class, was in fact assigned to the first aid bureau.

The substance of Hubbard's testimony was that he was simply unable to perform most, if indeed not all, of the duties of a fireman first class. He called two examining physicians who, though not as pessimistic as Hubbard as to the extent of his disability, nonetheless generally tended to substantiate and corroborate his testimony as to his physical inability to perform the duties of a fireman first class.

However, two qualified orthopedic surgeons testified that although Hubbard could not "slide down the pole" nor "pull hose," he could still perform all of the duties of one assigned to the first aid department or fire prevention bureau, and that performance of these duties on an eight-hour per day basis "actually would be beneficial to the improved functioning of his leg." The doctors generally agreed that Hubbard suffered a ten to fifteen per cent disability as a working unit.

We are of the definite opinion that the Board, on the record before it, did not exceed its jurisdiction nor abuse its discretion in denying Hubbard's application for retirement and pension. Rather this is but another instance where an administrative board charged with the responsibility of resolving a dispute is confronted with conflicting evidence, and under such circumstances the findings of the administrative board in the absence of a clear showing of an abuse of discretion should not be disturbed by the judiciary.

As supporting this conclusion, see *Board of Trustees of the Policemen's Pension Fund of the City of Pueblo, et al., v. John Koman,* 133 Colo. 598, 298 P. (2d) 737, where it was stated:

"Under the applicable statute a wide discretion is left

to the police pension board and any review thereof may not extend beyond a determination of whether or not the Board under the record being reviewed exceeded its jurisdiction or abused its discretion.

"An essential element of plaintiff's case is not whether he was disabled to some degree but whether he was so disabled 'as to render his retirement from service in such department' a necessity as by statute provided. That plaintiff suffered some impairment of his knee may be conceded, yet there is no evidence that he could not hold a police department job which did not require him to move about with his usual ease and speed."

Hubbard relies strongly upon *Pueblo Fireman's Pension Board, et al., v. Hubersberger,* 132 Colo. 344, 288 P. (2d) 352. In that case it was noted that:

"It is also admitted that the injuries sustained by the Petitioner disabled him permanently from the performance of *any* duties as a Captain or other member of the Pueblo Fire Department." (Emphasis supplied.)

Accordingly, in the *Hubersberger* case it was held that the applicant should be retired and pensioned, and rejected the suggestion of the Board that the applicant be assigned to a switchboard operator's job under the fire department.

In the instant case, however, there was no effort to transfer Hubbard to a different classification within the fire department, let alone any intent to assign him to duties outside the department. Rather it was the Board's finding, based on controverted testimony, that Hubbard could still perform a sufficient number of the duties of a fireman first class as to render his retirement unnecessary. In this connection the record does not disclose any attempt by the Board to dispense with the services of Hubbard as a fireman first class of the City of Pueblo.

Hubbard also contends that the Board was biased and prejudiced against him and was guilty of procedural misconduct of the same general nature as was found to

exist in *Hubersberger,* supra. We have reviewed the record and conclude that this contention is without merit. The judgment is affirmed.