PEARSON, Judge.
The City of Hialeah and the Board of Trustees of its Employees’ Retirement System appeal a final judgment granting petition for writ of certiorari and quashing an order of the Board. Carroll J. Willey, the appellee, was the petitioner in the trial court. He was classified as a Fireman First Class in the Civil Service System of the City of Hialeah when he received an injury in the course of his employment while fighting a fire on February 4, 1962. He made application for disability retirement in the Employees’ Retirement System. After being examined by the members of a Medical Board, he was found to be totally and permanently incapacitated for the performance of duties as a Fireman First Class for the City of Hialeah. The Board of Trustees denied the application for disability retirement because the members of the Medical Board had individually concluded that the applicant was not totally and permanently disabled for the performance of some duties for the City. Thereafter, the appellee filed his petition for writ of certiorari in the circuit court. At the hearing on appellee’s petition, the court entered the order appealed, which provides:
“ORDERED and ADJUDGED that the Writ sought by the Petitioner is granted and that the ruling of the Pension Board of the City of Hialeah on December 28, 1964, denying pension to CARROLL J. WILLEY be and the same is hereby quashed. This cause is remanded to the Pension Board of said city with directions to said Pension Board that the Petitioner herein must be restored to duty as a Fireman First Class if the Board finds that he is physically able to perform said duties or that the Petitioner be placed on an accidental disability pension as provided in said ordinance.”
*196 The circuit judge set forth his predicate for the order granting certiorari as follows:
"1. That the Pension Board of said City, as provided in said ordinance is charged with the administration and determination of the ordinances controlling the pension section and, as such, sits in the capacity as a quasi-judicial board to consider factually the reports of the Medical Board and to concur or reject said reports. The Pension Board in the instant case concurred, as stated aforesaid, that the Petitioner was totally and permanently incapacitated for the performance of duties as a firefighter in said city, but denied his pension applications based upon their interpretation of the pension ordinance as hereinafter enumerated. It was the contention of the Petitioner in the instant case that he was in fact entitled to an accidental disability pension as enumerated in said system. Because of the finding that he was totally and permanently incapacitated for the performance of duty as a fireman.
“2. The Petitioner, the Court finds, was classified as a Fireman First Class in said city, and as such had performed no other duties except those as a fireman to the City of Hialeah, and that his duties and service to the City of Hialeah, consisted of the performance of duties as a Fireman of said city.
“3. The Court further finds that there is no provision in the pension system of the said city for a partial disability pension, but that if a classified Civil Service Employee becomes physically incapacitated for the performance of the duties of his position, the director of the department, at the request of the employee and with the consent of the personnel board, may transfer said employee to a vacant position in lower grade if capable of filling same. In the instant case the petitioner did not agree to be reduced in classification as enumerated above and did not agree to be transferred to another department of the City of Hialeah, Florida. The Court finds that he was under no duty to agree to a transfer to another department and was under no duty to accept a demotion. The pension ordinance provides the board with authority to review the medical board’s findings and the Petitioner herein must either be restored to duty within his classification as a Fireman First Class or retired on a total and permanent disability pension, based upon the determination of the board of the medical facts. It is the opinion of this Court that if the petitioner herein is physically unable to perform the duties within his classification (Fireman First Class) with the City of Hialeah, Florida, he should be retired on a disability pension.”
The ordinance of the City of Hialeah (Ordinance No. 874) which establishes and provides for the operation of the pension system for employees, contains the following provision:
“Section 26. Upon the application of a member who becomes totally and permanently incapacitated for duty as an employee of the City, he shall be retired by the Board of Trustees; provided, the medical committee after a medical examination of such member, shall certify (1) that such member is mentally or physically totally and permanently incapacitated for the further performance of duty in service of the city, and (2) that such member should be retired; provided further that the report of the medical committee is concurred in by the Board of Trustees and that the member shall be subject to a review of his condition by the medical committee at the request of the Board of Trustees as often as the Board shall deem it advisable until the employee reaches his normal retirement age of sixty-five under this plan.”
The appellee points out that this ordinance must be read in conjunction with the Civil Service Rules and Regulations of the City of Hialeah.
*197 Rule IV, Section 1, provides:
“Section 1. The classes of positions described in the annual class specifications shall constitute the official classification plan. No person shall be employed or regularly assigned to work under any title not appropriate to the duties to be performed.”
Rule VIII, Section 1 of said rules provides :
“Section 1. Every vacancy in the classified service not filled by transfer or reinstatement shall be filled by appointment from the employment list established for the particular position.”
The Minutes [1] of the Board of Trustees reveal the following finding of the Board as a basis for denying the appellee’s application :
“Mr. Goodlet stated that the examination was for the position previously held, and not for other duties which he might be able to perform. He also stated that since the City’s physician and the Board’s physician were of the opinion that Mr. Willey should not continue as a fireman, he would try to find a position which would be suitable for him. He subsequently was able to offer a position driving a truck with power steering and hydraulic dumping. The position was held open for a designated length of time, but was not accepted by Mr. Willey.
“Mr. Willey was sworn in by the court reporter. On being questioned by Mr. Miles, he stated that at present he is conducting an export forwarding business at his home, with all paper work being done by his wife. He stated that his own work consists of phone, mail, personal contacts and driving in Dade County only. He was asked if he handles any heavy equipment, and said that he doesn’t handle any equipment over 20 pounds. He said that all other lifting is done by someone else, and that he only works about two hours a day, and has his doctor’s verbal approval.
“Mr. Miles advised that since there was nothing further to present, and that all procedures set forth in the Code of Ordinances have been followed, it was now incumbent upon the board to determine whether or not the applicant is entitled to receive total and permanent disability retirement. The medical reports were re-read.
“A motion was made by Mr. Goodlet that after hearing all evidence and considering all reports in this matter, it appears that the medical committee members have individually concluded the applicant is not totally and permanently disabled for performance of some duties for the City, he therefore moved that the application of Carroll Willey for total and permanent disability be denied.”
The circuit judge found that the order was not in accordance with the law. We agree with this conclusion. See Pueblo Firemen’s Pension Board v. Hubersberger, 132 Colo. 344, 288 P.2d 352 (1955); Woodroof v. City of Nashville, 29 Tenn.App. 426, 197 S.W.2d 4 (1946). Cf. Hubbard v. Pueblo Firemen’s Pension Fund, 150 Colo. 495, 374 P.2d 492 (1962).
Pension ordinances are to be liberally construed, and the court should place a construction on the ordinance that will avoid an inequitable result. State ex rel. Holton v. City of Tampa, 119 Fla. 556, 159 So. 292, 98 A.L.R. 501 (1934); City of Miami Beach v. Cleary, Fla.1954, 75 So.2d 792. Pension rights are a part of the employee’s compensation. State ex rel. Holton v. City of Tampa, supra. When an employee has served the city with the expectation that he will be retired upon receiving a disabling injury in the line of duty, it is clearly inequitable to deprive him of his pension rights by compelling his acceptance of a reclassification.
*198 Section 26 of Ordinance No. 874 states that a member “shall be subject to a review of his condition by the Medical Committee at the request of the Board of Trustees as often as the Board shall deem it advisable until the employee reaches his normal retirement age of 65”. The Board of Trustees is authorized to make a reappraisement of the appellee’s condition.
Affirmed.

. We have examined the transcript and find that the minutes are an adequate summarization of the proceeding.