BARKDULL, Judge.
Involved in this case is the validity of a final order of the circuit court, denying a petition for certiorari seeking to review certain actions of the appellee in denying appellants’ request for a disability pension. The point, as framed by the appellants, is as follows:
“Whether the lower court properly denied the petition for writ of certiorari to the Pension Board when all the medical evidence indicated that the petitioners were totally and permanently disabled from doing the usual and ordinary work of a fireman hut the Pension Board refused the disability pensions on the ground that the petitioners were, capable of doing some work.”
There were no provisions in the Special Act[1] and supplements thereto creating the pension fund involved in this case, which provided for retirement for partial disability. The evidence before the Board was in conflict, but it was apparent that the appellants could do (and had been doing for a period in excess of ten years) certain designated functions required of the class to which they belonged [Fireman I]. Until such time as the statute is changed, as long as an employee of the City is able to do some of the duties required to be done in his job classification; the employing authority is willing to permit the employee to perform limited duty with no reduction in pay [Personnel Board of City of Miami Beach v. Majewski, Fla.App.1968, 212 So.2d 888]; the employee not being totally disabled to do all of the functions provided for in his classification, he is not entitled to retirement. Hubbard v. Pueblo Firemen’s Pension Fund, 150 Colo. 495, 374 P.2d 492; 62 C.J.S. Municipal Corporations § 614(2), p. 1275.
The appellee has cross-appealed and assigned as error the failure of the trial court to dismiss the certiorari proceedings because the City of Miami Beach was not made a party-respondent thereto, contending it was a necessary or indispensable party. We find this position not to be well taken, because the provisions of the Special Act gives the appellee the responsibility for the administration of the fund, and if it finds an employee to be totally and permanently disabled its action in this regard entitles him to receive benefits from the fund.[2] There was no necessity for the City to be a party.
*612 Therefore, for the reasons above stated, the final order here under review be and the same is hereby affirmed.
Affirmed.

. 1945 Laws of Florida, Special Acts, Ch. 23414.

. Miami Beacli City Code
“Sec. 126. Withdrawals from fund; investment of fund; custodian of fund.
“Money shall be withdrawn from the pension fund created by this Act only upon warrants executed by a majority of the board. * * * The City of Miami Beach shall have the custody of and the *612 responsibility for all bonds and funds of this system, and such custody shall be for the purpose of safekeeping only, without any discretion in the City of Miami Beach regarding the propriety of any withdrawal or transfer of any such bonds or funds. (C. 23414, § 6, Sp.Acts 1945; C. 24709, § 2, Sp.Acts 1947; H.R.Election ©-2-59.)”