HENDRY, Judge
(dissenting).
I respectfully dissent. The majority opinion holds that the circuit court erred in the entry of its final order, which, in pertinent part, states: ■
(< * * *
“The record and hearings establishes that on September 23, 1968, the Petitioner did suffer a coronary occlusion with an acute anterior myocardial infarction, that his heart suffered permanent damage, and that the Petitioner is unable to render useful and efficient service as a police sergeant on the City of Opa-Locka Police Department, and that by reason thereof the Petitioner^ is totally disabled within the provisions of City Ordinance 609 establishing the retirement system and Chapter 185 of Florida Statutes.
“The Court further finds that there is no substantial, competent evidence to support the Advisory Committee’s decision. In so finding, the Court observes that the weight of the evidence supporting the Petitioner’s claim for total disability retirement is so substantial and so compelling that the members of the Advisory Committee in denying the application for disability retirement were either oblivious to the evidence or influenced by matters not contained in the record. The Court finds that the denial of the application was arbitrary, capricious, unreasonable and an abuse of discretion and that the action of the Advisory Committee fails to comport with right and justice and is inconsistent with reason and logic * *
It is my view that the circuit court did not err in holding that the advisory committee lacked substantial competent evidence to sustain its determination. I would, therefore, affirm.
A pension ordinance should be liberally construed so as to avoid an inequitable result. I think it would be inequitable to construe the ordinance in question so as to deprive the appellee of his disability pension by compelling him to accept work under a different classification. City of Hialeah v. Willey, Fla.App. 1966, 189 So.2d 194.
I think the order appealed should be affirmed.