518 P.2d 301 (1974)
George AGEE et al., Plaintiffs-Appellees and Cross-Appellants,
v.
TRUSTEES OF the PENSION BOARD OF the CUNNINGHAM FIRE PROTECTION DISTRICT et al., Defendants-Appellants and Cross-Appellees.
No. 72-353.
Colorado Court of Appeals, Div. II.
January 15, 1974.
*302 Ralph B. Rhodes, Denver, for plaintiffs-appellees and cross-appellants.
Ronald S. Loser, Littleton, for defendants-appellants and cross-appellees.
Selected for Official Publication.
ENOCH, Judge.
The Trustees of the Cunningham Fire Protection District Pension Board appeal from a declaratory judgement holding that certain pensions were unlawfully awarded by the Board. Plaintiffs-appellees, several members of the volunteer fire department, have filed a cross-appeal seeking an award of attorney's fees incurred in this litigation. We affirm in part and reverse in part.

I.
The pensions challenged in this action were awarded to Harold McFarland and Dale Wasinger following a determination by the Pension Board that both men met the requirements of 1969 Perm.Supp., C.R.S.1963, XXX-XX-XX(6), which states that the Board "may pension any volunteer fireman having twenty years of active service and being above the age of fifty years. . . ." A Pension Board by-law provides that "[a]ll firemen on the active roll call, district board members, and active dispatchers of the fire telephone shall be eligible for the state pension." In computing the number of years served, the Pension Board, in accordance with that by-law, *303 credited each man with time spent as a member of the Board of Directors of the Fire Protection District.
The trial court held that membership on the Board of Directors may not be considered in determining whether a fireman has completed twenty years of active service, and invalidated that portion of the Pension Board by-law which controverted this holding. The issue on appeal, therefore, is whether membership on the Board of Directors of a fire protection district constitutes "active service" within the meaning of the firemen's pension statute.
One preliminary matter should be resolved before we determine the issue presented. The Trustees argue that it is within the discretionary powers of the Pension Board to determine pension eligibility, and the Board may be reversed only if it has abused that discretion. This proposition is true in cases involving the application of statutory criteria to a specific set of circumstances. See Hubbard v. Pueblo Firemen's Pension Fund, 150 Colo. 495, 374 P.2d 492. However, the Board does not have discretionary power to alter eligibility requirements mandated by the legislature. The enabling act states that the pension fund "shall be managed, used and disbursed according to the provisions of this article . . . ." 1969 Perm.Supp., C.R.S.1963, 139-50-1 (emphasis added). The standard of review in this case is whether the criteria applied by the Board conform with statutory provisions, not whether it abused its discretion in granting the pensions.
The act creating a pension fund for volunteer and paid fire departments, C.R.S.1963, 139-50-1 et seq., contains no definition of "active service." We must therefore look at the entire legislative plan to determine whether service on the Board of Directors, without more, falls within the meaning of this phrase.
The statute authorizing creation of fire protection districts provides that any "elector," as defined by 1971 Perm.Supp., C.R.S.1963, 89-17-8, may be elected to the Board of Directors of a fire protection district. C.R.S.1963, 89-6-13(3) and 1971 Perm.Supp., C.R.S.1963, 89-6-4.[1]
Although the statute does not preclude the possibility that a member of the board may also be a volunteer fireman or participate in firefighting activities, there is no requirement that members of the board assume those obligations. The official duties of the board members, enumerated in C.R.S.1963, 89-6-14, as amended, are solely administrative. In contrast, the pension statute requires that one be "any volunteer fireman having twenty years of active service . . . ." These provisions of the law apply only to those actively involved in firefighting. Membership on the board of directors of a fire protection district, when not coupled with regular participation in firefighting activities on the same basis as non-board members, cannot fulfill the "active service" requirement of the pension statute.
The record supports the trial court's conclusion that neither of the men whose pensions were challenged were entitled to the award. Defendant Wasinger was apparently a mainstay of the department throughout its formative years, serving as chief for several terms. He resigned from the department in 1965, prior to the expiration of twenty years of service, and was appointed to the Board of Directors shortly thereafter. During his membership on the Board, he never attended a fire nor participated in training sessions required of all firemen. Defendant McFarland was appointed to the Board when the fire protection district was established in 1950 and served continuously on the Board for twenty years. During that time, he attended an average of one fire a year and the *304 records of the department listed him as an active member for at least a portion of that time. There was evidence that although members of the Board of Directors were included on the dispatchers' call list, they were not summoned on a regular basis.
As members of the Board of Directors, both men undoubtedly provided valuable support and assistance to the fire protection district, but this service does not entitle them to the benefits of the pension fund. In light of the foregoing evidence, the trial court was correct in holding that they were not "active" firemen within the meaning of the pension statute merely by serving on the Board.

II.
The declaratory judgment action against the Pension Board was initiated by several members of the Cunningham Volunteer Fire Department. In their petition for further relief under C.R.C.P. 57(h), plaintiffs requested reimbursement for reasonable attorney's fees incurred in the litigation, and the trial judge denied this request. Plaintiffs filed a cross-appeal raising this issue, and we reverse.
The general rule in Colorado is that, unless authorized by statute or contract, the trial court may not award attorney's fees to the prevailing party. Denver Building & Construction Trades Council v. Shore, 132 Colo. 187, 287 P.2d 267; Joslin v. Teats, 5 Colo.App. 531, 39 P. 349. However, there is an exception to this rule. Where many persons have an interest in a fund which is enhanced or preserved in litigation sponsored by an individual, a court of equity will award attorney's fees out of the fund. See Pensioners Protective Association v. Davis, 112 Colo. 535, 150 P.2d 974; Hall v. Cole, 412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed.2d 702; Annot., 49 A.L.R. 1145. Those who share in the benefits of litigation should also share its costs, and the most equitable method of apportioning expenses is to charge the fund which was preserved. The exception is particularly applicable in this case as plaintiffs received no direct personal benefit from prosecuting the declaratory judgment action. Since the trial court made no findings on this issue, it is necessary to remand the case for a hearing to determine a reasonable fee to be awarded to plaintiffs' attorney.
The judgment of the trial court denying the award of pension benefits to defendants Wasinger and McFarland is affirmed. That part of the judgment denying attorney's fees is reversed and the cause remanded for further proceedings consistent with this opinion.
COYTE and PIERCE, JJ., concur.
NOTES
[1] Prior to 1970, the statute provided that "taxpaying electors" were eligible for membership on the Board of Directors. C.R.S.1963, 89-6-4 and 89-6-13(3). The 1970 amendment did not materially alter the implications of these provisions with respect to the issues discussed in this case.