Paula Herzmark Executive Director Department of Local Affairs 1313 Sherman Street, Room 518 Denver, Colorado 80203
Dear Ms. Herzmark:
This opinion letter is in response to your letter of June 26, 1980, in which you inquired about the eligibility for firemen's pension of an applicant who has only 17-plus years of active service as a member of a volunteer fire department, but who has participated in departmental firefighting activities for 20 years.
QUESTIONS PRESENTED AND CONCLUSIONS
Your request for an attorney general's opinion presents this question:
Under C.R.S. 1973, 31-30-415(8)(a) (1979 Cum. Supp.), is an applicant who has only 17-plus years "active service" as a member of a volunteer fire department, but who has participated in departmental activities for 20 years, eligible to receive firemen's pension?
 It is my opinion that twenty years of active service as a member of a volunteer fire department is required under section 31-30-415(8)(a) (1979 Cum. Supp.) before an applicant is eligible for a pension. My conclusion is that membership status must be determined by the board of trustees of the firemen's pension fund, applying their own membership criteria. Because that has not been done in this case, I make no decision on the merits of this applicant's eligibility.
ANALYSIS
C.R.S. 1973, 31-30-415(8)(a) (1979 Cum. Supp.) provides in part:
 The board of any municipality or fire protection district pension board may pension any volunteer fireman having twenty years of active service and being above the age of fifty years,. . . .
(Emphasis added.)
In the case of Agee v. Trustees of Pension Board,33 Colo. App. 268, 518 P.2d 301 (1974), the Colorado Court of Appeals held that the statutory requirement that one be a "volunteer fireman having twenty years of active service" (to receive a pension) is a requirement "mandated by the legislature." As such, a pension board "does not have discretionary power to alter eligibility requirements."Id. at 270, 518 P.2d 303.
The issue in Agee was whether the individual seeking a pension was in the "active service" of the volunteer fire department for the required twenty years. The court of appeals acknowledged there that the statute offered no definition of "active service." The court provided a judicial interpretation in that case, saying "only those actively involved in fire fighting" for twenty years could be eligible to receive a pension. Id. at 271, 518 P.2d at 303. Membership on the board of directors of the fire protection district, for example, when not coupled with regular participation in fire fighting activities nor regular attendance at training sessions, was held not to fulfill the "active service" requirement of the pension statute, and the applicant in Agee was determined to be ineligible to receive a pension.
Since Agee was decided, the legislature has not deemed it necessary to provide further clarification of the statutory language. We, therefore, only know that twenty years of "active service" means twenty years of being actively involved in firefighting. However, the total requirement of being a "volunteer fireman having twenty years of active service" must still be evaluated strictly, since the board has no discretionary power to alter eligibility requirements.
From the facts presented to me, the issue in the present case is more complex than in Agee. The applicant here did not become a formal and official member of the Elk Creek Volunteer Fire Department until March of 1960, although he participated in the firefighting activities of the department from 1957 to 1960, attended fire department meetings, and worked on firefighting equipment. No mention is made of whether or not he regularly attended training exercises before his membership became official. In August, 1977 he was officially placed on "inactive status" (apparently without objection) so as to allow the department to put new, more active members on its roster. Under these circumstances, it must first be determined at what point the applicant met the threshold requirement of becoming a "volunteer fireman" within the meaning of section 31-30-415(8)(a), since he was not a formal and official member prior to March 1960. Stated otherwise, it must first be determined whether membership in a volunteer fire department is implied in the statutory term "volunteer fireman." From the time he is found to have met that threshold requirement, the second question must be whether he has met the "active service" requirement of a volunteer fireman.
As was the case in Agee with the term "active service," the meaning of "volunteer fireman" in section 31-30-415(8)(a) (1979 Cum. Supp.) is less than crystal clear. The general firemen's pension statute, C.R.S. 31-30-401, et seq., contains no statutory definition. In fact, the only statutory definition which could provide guidance is found in the Policemen's and Firemen's Pension Reform Act, C.R.S. 1973,31-30-801, et seq. (1979 Cum. Supp.). Section 803(5) of that Act provides:
 "Volunteer fireman" means any fireman who renders service to a fire department and whose main source of income is not derived from service on a fire department.
While this definition may be complete and controlling in the context of the Policemen's and Firemen's Pension Reform Act, I do not believe it should control the present issue because it completely fails to address critical standards before us, to wit,membership and service criteria of volunteer firemen. Taken alone, the above-quoted definition appearsnot to require formal and official membership in a volunteer fire department to meet the qualification of being a volunteer fireman under this Act. One must only "render service" to the department and not derive one's "main source of income" from that activity. Thus, the definition provides a clear standard of differentiation between a paid fireman and a volunteer fireman. Such point of differentiation is consistent with and necessary to the Policemen's and Firemen's Pension Reform Act because the pension funds of volunteer firemen are generally exempt from the Act. C.R.S. 1973, 31-30-804(10).[1]
However, such a point of differentiation provides no guidance in interpreting section 31-30-415(8)(a), dealing with the pensions of volunteer firemen only, which fundamentally assumes the differentiation made above between paid and volunteer firemen.
Since the volunteer firemen's pension statute itself, C.R.S. 1973, 31-30-415, does not provide a definition of a volunteer fireman, the context and purpose of the law must be examined in hopes of arriving at a contextual interpretation. In subsection (1) the statute provides that disability insurance be provided to "a member of a volunteer fire department" who is injured in the line of duty. Subsection (4) provides for death benefits to be paid to the families of any "volunteer member" who dies from injuries received in the line of duty. Subsection (7) allows for the fire protection district or municipal board to provide life, annuity, disability or liability insurance to the "members" of a volunteer fire department.
In none of these sections is mention made of nonmembers who voluntarily assist the department in fire-fighting activities. From the context of this law, therefore, I must conclude that the general assembly intended only to pension volunteer firemen who were members and in the active service of a fire department for twenty years.
Of course, membership requirements of any given department should be generally established by the board of trustees, and may vary widely from department to department. Therefore, unlike the statutory requirements discussed herein, the membership statusper se of any particular applicant is an issue to be determined by the board of trustees. Such a determination must rest upon each department's own membership criteria, which may include service, training, attendance, dues, and other requirements of membership. The date on which an applicant became a formal and official member may also be a factor, even a controlling one if the board so determines. Thus, the "active service" of a fireman must be measured as of the date his membership began, however that membership is customarily measured by the board. It should also be noted that what would constitute membership 20 years ago may be somewhat different than membership today.
This principle applies in the present case. The applicant here became a formal and official member of the Elk Creek Volunteer Fire Department in March 1960. His active service may be measured as of that date, or if the board feels he was a defacto member before that date, an earlier date may be used as a measuring point. I give no opinion as to when his membership began. Such a decision must be left up to the board of trustees.
SUMMARY
To summarize my opinion, under Agee, the statutory requirement of being a "volunteer fireman having twenty years of active service" is statutorily mandated and is not subject to alteration by the pension board. However, the date on which an applicant's membership began must be made by the board of trustees of the firemen's pension fund, applying its own rules and requirements. "Active service," meaning "actively involved in firefighting" must be measured from that date. Since I do not draw a conclusion as to the applicant's initial membership date in the present case, I give no opinion as to his eligibility.
Very truly yours,
 J.D. MacFARLANE Attorney General
SPECIAL DISTRICTS
C.R.S. 1973, 31-30-415(8)(a)
LOCAL AFFAIRS, DEPT. OF Local Government, Div. of
Under Agee, the statutory requirement of being a "volunteer fireman having twenty years of active service" is statutorily mandated and is not subject to alteration by the pension board. However, the date on which an applicant's membership began must be made by the board of trustees of the firemen's pension fund, applying its own rules and requirements. "Active service," meaning "actively involved in firefighting" must be measured from that date. Since I do not draw a conclusion as to the applicant's initial membership date in the present case, I give no opinion as to his eligibility.
[1] The Act does, however require that an actuarial study of such funds be conducted, section 31-30-804(4)(c); it provides a procedure to conduct said actuarial study, section 31-30-804(4) to (6); and it requires that pension funds for paid and volunteer firemen be segregated, if both types of firemen serve the same department, section 31-30-804(7).