AVCO FINANCIAL SERVICES OF COL-
ORADO, INC., Plaintiff-Appellant,

v.

Andrew A. GONZALES and Mary E.
Gonzales, Defendants,

and

CF & I Steel Corporation,
Garnishee-Appellee.

No. 81CA0557.

Colorado Court of Appeals,
Div. III.

Aug. 5, 1982.

Rehearing Denied Aug. 26, 1982.

Certiorari Denied Nov. 1, 1982.

Joseph J. Lenihan, Pueblo, for plaintiff-
appellant.

Lee N. Sternal, Pueblo, for garnishee-ap-
pellee.

KELLY, Judge.

Plaintiff, Avco Financial Services, obtain-
ed a judgment against Andrew and Mary
Gonzales and sought to enforce it by gar-
nishing CF & I Steel Corporation. Plaintiff
subsequently filed a "motion to hold gar-
nishee in contempt," which was dismissed
for failure to comply with the requirements
of C.R.C.P. 107. CF & I thereupon filed a
motion for attorney's fees and costs. It is
the trial court's award of attorney's fees
which is the subject of this appeal. We
reverse.

CF & I here argues, and the trial court
ruled, that the provisions of C.R.C.P. 107(d)
justify the award of attorney's fees. We
disagree.

C.R.C.P. 107(c) provides for the issuance
of a citation to a person charged with con-
tempt of court, and for securing the pres-
ence of that person in court for a hearing.
C.R.C.P. 107(d) delineates the court's au-
thority to assess punishment for contempt
when the facts warrant. Among other
things, that subsection provides:

"A fine may be imposed not exceeding
the damages suffered by the contempt,
plus costs of the contempt proceeding,
plus reasonable attorney's fees in connec-
tion with the contempt proceeding, pay-
able to the person damaged thereby."

The language of the rule does not
extend beyond authorization for imposition
of attorney's fees against a contemnor for
the benefit of the person damaged by the
contempt. It does not authorize imposition
of attorney's fees to recompense the con-
temnor, no matter how inappropriate may
be the contempt proceeding initiated by the
person claiming damage. Since a trial
court may not award attorney's fees in the
absence of statute, rule, or contract, *Agee
v. Trustees of Pension Board,* 33 Colo.App.
268, 518 P.2d 301 (1974), CF & I, the alleged
contemnor, was not entitled to an award of
attorney's fees.

The judgment is reversed.

SMITH and KIRSHBAUM, JJ., concur.