Ms. Annette Star Lustgarten City Attorney City of Miramar Post Office Box 3838 Miramar, Florida 33083
Dear Ms. Lustgarten:
You ask on behalf of the Mayor and the City Commission of the City of Miramar substantially the following question:
 Does the establishment of an annuity by the city commission for a retired city employee who is currently receiving pension benefits from the existing city pension plan violate s. 215.425, F.S.?
In sum, I am of the opinion that:
 The establishment of an annuity by the city commission for a retired city employee who is currently receiving pension benefits under the existing city pension plan would violate the provisions of s. 215.425, F.S., which prohibits extra compensation for work already performed.
You state that the city employee in question retired in 1987 and is currently receiving benefits under the city retirement plan. In 1988 a change in the city's retirement plan increased the benefits available to employees in the employ of the city on that date although the benefits of those employees who had retired prior to that date did not increase. In recognition of the employee's lengthy service to the city, the city commission is interested in creating an annuity which would increase the employee's benefits equal to the benefits she would have received had she still been in the city's employ on the date of the increase in 1988.
Section 215.425, F.S., provides in part:
 No extra compensation shall be made to any officer, agent, employee, or contractor after the service has been rendered or the contract made; nor shall any money be appropriated or paid on any claim the subject matter of which has not been provided for by preexisting laws, unless such compensation or claim is allowed by bill passed by two-thirds of the members elected to each house of the Legislature. . . .[1]
The commonly accepted meaning of the term "extra" means something "beyond or greater than what is due, usual, expected, necessary, or essential."[2] Thus, the term "denotes something done or furnished in addition to, or in excess of the requirement of the contract; something not required in the performance of the contract."[3]
This office has previously stated that the purpose of this provision prohibiting compensation for work already performed is
 to carry out a basic and fundamental principle that public funds may be used only for a public purpose and it is contrary to this policy to use public funds to give extra compensation for work which has already been performed for an agreed upon wage.[4]
In considering this statutory provision, this office has stated that a school board was not authorized to subsequently authorize the payment of the difference in salary between a certified and noncertified teacher for services already performed at an agreed upon wage pursuant to previously established salary schedules.[5]
Similarly, this office concluded in AGO 82-28 that the retroactive payment to a vocational teacher for 8 years of prior vocational work-related experience constitutes "extra compensation" prohibited by s. 215.425, F.S.[6]
Thus, retroactive extra compensation, lump sum allowances or other forms of compensation not provided for by law or contract are prohibited by s. 215.425, F.S.
In the instant inquiry, the employee is currently participating in the city's retirement fund.[7] The purchase of the annuity is not, therefore, a part of the city retirement plan. The employee, however, has already performed the services and has been compensated for such services at an agreed upon wage. To subsequently authorize the purchase of an annuity by the city in recognition of those services for which the employee has been compensated, would, in my opinion, constitute the payment of extra compensation, contrary to s. 215.425 F.S.[8]
Accordingly, I am of the opinion that the establishment of an annuity by the city commission for a retired city employee who is currently receiving pension benefits under the existing city pension plan would violate the provisions of s. 215.425, F.S., which prohibits extra compensation for work already performed.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 215.425, F.S., was formerly s. 11, Art. XVI, State Const. 1885, and was converted to statutory law by s. 10, Art. XII, State Const. 1968.
[2] Webster's Third New International Dictionary Extra p. 806 (unabridged ed. 1981).
[3] Attorney General Opinion 75-279.
[4] Attorney General Opinion 82-28. Accord, AGO 85-57. And see, s. 10, Art. VII, State Const., prohibiting the state and a county, school district, municipality, special district, or any agency thereof, from giving, lending, or using its taxing power or credit to aid any private corporation, association, partnership or person.
[5] Attorney General Opinion 86-53. And see, AGO 85-57 stating that in the absence of a collective bargaining agreement entered into prior to the performance of such services, s. 215.425, F.S., prohibited a school board from retroactively paying at a masters degree salary teachers who received such degrees at the end of the fiscal year for that year's teaching services.
[6] Cf., AGO 81-98 (municipality may not legally expend public funds to reimburse municipal employees who have expended personal monies to purchase additional past service credit in order to obtain full retirement benefits which city elected not to provide when it had an opportunity to do so, as such action would violate s. 215.425, F.S.).
[7] Generally pension rights and public employer contributions toward retirement benefits are considered to be part of the employee's compensation. See, City of Hialeah v. Willey,189 So.2d 194 (3 D.C.A.Fla., 1966), and 67 C.J.S. Officers s. 245. And see, AGO 86-102 and Voorhees v. City of Miami, 199 So. 313 (Fla. 1940). In the instant inquiry, however, the city is seeking to establish an annuity over and above those benefits the employee is entitled to under the city's retirement plan.
[8] Compare, AGO 86-102 in this office concluded that inasmuch as the county attorney had been deemed inegligible to participate in the state retirement system and the monies contributed by the county to such system on the attorney's behalf had been returned, the payment of such funds to the attorney's private retirement system would not constitute "extra compensation" prohibited by s.215.425, F.S., provided that the amount paid over is equal to that which was contributed to the state retirement plan. Such funds, in this office's opinion, considered to be part of the attorney's compensation earned and agreed to at that time.
 [The] contributions by the county to a retirement system for the county attorney were a part of the agreed upon wages between the attorney and the county for the attorney's services. The subsequent determination by the Division of Retirement that the attorney is not eligible to participate in the state retirement plan would not appear to convert or cause such contributions to be considered "extra compensation" within the meaning of s. 215.425, F.S.