STONE, Judge.
The city appeals from a judgment in favor of a former employee on a claim arising out of the City Pension Board’s failure to treat the employee’s disability as service connected. The jury, by a special verdict, found that the city breached its contract with Bjorklund, and by the same conduct, was guilty of the negligent exercise of its authority by failing to follow required procedures in resolving her claim. We affirm the liability portion of the judgment but reverse as to damages.
We reject the city’s contention that only the “autonomous” board may be liable for the board’s failure to direct that the city pay the full disability to Bjorklund, and that the board is an indispensable party to this action. Clearly, plaintiff could have joined the board. The board might even be a necessary party for some purposes. But, here, the board is not an indispensable party, which has been defined as:
a person with such an interest in the subject matter of the action that a final adjudication cannot be made without affecting his interests or without leaving the controversy in such a situation that its final resolution may be inequitable. National Title Ins. Co. v. Oscar E. Dooly Assocs., 377 So.2d 730 (Fla. 3d DCA 1979).
W.R. Cooper, Inc. v. City of Miami Beach, 512 So.2d 324, 326 (Fla. 3d DCA 1987). See also Phillips v. Choate, 456 So.2d 556 (Fla. 4th DCA 1984). In this case a judgment against the city alone is not inequitable.
Appellant, relying on Nuce v. Board of Trustees for City Pension Fund of Miami Beach, 246 So.2d 610 (Fla. 3d DCA 1971), asserts that the city is insulated from all acts of the board because it has no right to review board decisions. In Nuce, the court held that joinder of the city was not required in a petition for writ of certiorari to review the acts of a pension board. However, the fact that a city is not an indispensable party to a petition seeking to reverse the quasi-judicial decision of a board, does not compel the conclusion that the board is an indispensable party to an action by an employee against the city for breach of contract. Additionally, earlier in this dispute a petition for certiorari filed by Bjorklund with this court was denied. We also note that the pension board held no evidentiary hearing.
We affirm liability on the breach of contract theory. Cf. Tingler v. City of Tampa, 400 So.2d 146 (Fla. 2d DCA), rev. denied, 408 So.2d 1092 (1981). The evidence in this case reflects that the city contracted with plaintiff, the city administered the funds, the city handled the claim, plaintiff’s benefit package included disability compensation, the funds are held in the city’s name, and the city is responsible for any deficit. Plaintiff presented the liability issue to the jury on breach of contract and negligence (failing to follow procedure) theories. However, the city’s duty, under the facts of this case, is supportable only on a contract theory and not in tort. We note that plaintiff alleged no intentional tort or statutory liability.
We conclude that the damages awarded by the verdict, which included future damages based on life expectancy, are excessive and speculative as damages for breach of contract. Additionally, the award to plaintiff of lump sum future benefits deprived the city of its contract right to a periodic review of plaintiff’s condition to determine whether the disability continues. *1116 Upon remand, plaintiffs damages should be limited to the' service related disability-benefits due to date, without prejudice to her right to claim ongoing benefits if her disability continues. Cf. Adams v. Dreyfus Interstate Dev. Cory., 352 So.2d 76 (Fla. 4th DCA 1977). We find no error with respect to the evidentiary issue raised.
The judgment is reversed and remanded for further proceedings as to damages consistent with this opinion.
DOWNEY and GARRETT, JJ„ concur.