Rafael E. Suarez-Rivas City Attorney City of Miramar
QUESTION: Does the subsequent payment by the city to a retired employee of the monetary equivalent of his unused sick leave in excess of 120 days violate s. 215.425, F.S., when city policy authorizes, and the employee at the time of his retirement received, reimbursement for 120 days of unused sick leave only?
SUMMARY: The subsequent payment by the city commission to a retired employee of the monetary equivalent of his unused sick leave in excess of 120 days when the employee was compensated at the time of retirement in accordance with the city system authorizing reimbursement only for 120 days of sick leave would constitute extra compensation in violation of s. 215.425, F.S.
You state that the former director of public works/utilities retired on April 3, 1991, after more than twenty-five years of employment with the City of Miramar. During his employment, he accumulated more than 120 days of sick leave. Under the city's current system, a retiree or departing employee may only be reimbursed for 120 days of sick leave.
In accordance with the city's policies, the employee received payment for 120 days of sick leave upon retirement as part of his "final pay." The city now is considering whether it may pay the retired employee a monetary sum equivalent to the value of his unused sick leave in excess of 120 days. The payment for sick leave in excess of 120 days would appear to be limited only to the particular employee and would not be a revision of the city's policies or retirement plan.[1]
Section 215.425, F.S., provides in pertinent part that "[n]o extra compensation shall be made to any officer, agent, employee, or contractor after the service has been rendered."[2] The purpose of this provision is to carry out a basic and fundamental principle that public funds may be used only for a public purpose. It is contrary to this policy to use public funds to award extra compensation for work which has already been performed for anagreed upon wage.[3]
Thus, retroactive extra compensation, lump sum allowances or other forms of compensation not provided by law or contract are prohibited by s. 215.425, F.S. Extra compensation generally refers to an additional payment for services performed or compensation over and above that fixed by contract or by law when the services are rendered.[4]
In considering the applicability of s. 215.425, F.S., to municipalities, this office has stated that a city may not expend public funds to reimburse retired city employees expending personal monies to purchase additional past service credit which the city elected not to provide when it had an opportunity to do so since such action would constitute extra compensation in violation of s. 215.425, F.S.[5] More recently, this office concluded that the establishment of an annuity by a city commission for a retired municipal employee who is currently receiving pension benefits from the existing city pension plan would violate this statutory prohibition against extra compensation for work already performed.[6]
In the instant inquiry, the employee accruing sick leave during his employment, earned such leave subject to the terms and conditions prescribed for granting and reimbursing such leave. In granting sick leave to city employees, the city has limited its reimbursement of a departing or retiring employee's unused sick leave to 120 days. The employee in question has performed the services and has been compensated for such services including his accrued sick leave to the extent permitted by city policy. He has received the agreed upon wage for services rendered. To subsequently authorize an additional payment by the city over and above that permitted under the city's existing program would, in my opinion, constitute the payment of extra compensation contrary to s. 215.425, F.S.[7]
Therefore, I am of the opinion that the city may not pay a retired employee, who has been compensated for his sick leave in accordance with the city's procedures, an additional sum for sick leave for which, at the time of his retirement, he was not entitled to be compensated.
RAB/tjw
[1] Retirement and pension rights and public employer contributions toward retirement benefits are considered to be a part of an employee's compensation. See, City of Hialeah v. Willey, 189 So.2d 194 (3 D.C.A. Fla., 1966); 67 C.J.S.Officers ss. 236 and 245.
[2] Section 215.425, F.S., formerly s. 11, Art. XVI, State Const. 1885, was converted to statutory law by s. 10, Art. XII, State Const. 1968.
[3] See, e.g., AGO's 81-98 and 75-279.
[4] See generally, 67 C.J.S. Officers s. 236.
[5] Attorney General Opinion 81-98. While municipalities possess home rule powers, they may not act in conflict with state law. See, e.g., City of Miami Beach v. Rocio Corporation,404 So.2d 1066 (3 D.C.A. Fla., 1981), petition for reviewdenied, 408 So.2d 1092 (Fla. 1981) (municipal ordinance or policy cannot forbid what the Legislature has authorized nor authorize what the Legislature has forbidden). Counties and district school boards have also been granted home rule powers. This office has also considered these local governmental entities to be subject to the restrictions contained in s. 215.425, F.S.See, e.g., AGO's 85-57 and 86-102. See also, AGO 86-53 (school board may not subsequently authorize the payment of the difference in salary between a certified and noncertified teacher for services already performed at an agreed upon wage); and AGO 82-28 (retroactive payment to a vocational teacher for eight years of prior vocational work related experience has been considered by this office to constitute extra compensation prohibited by s.215.425, F.S.).
[6] Attorney General Opinion 89-53.
[7] Compare, Green v. Galvin, 114 So.2d 187 (1 D.C.A. Fla., 1959), holding that the payment to the administratrix of the estate of a deceased public employee of the value of his accruedannual leave did not violate s. 11, Art. XVI, State Const. 1885 [now, s. 215.425, F.S.]. The court held that inasmuch as departing or retired employees received payments for accrued annual leave, it could not be argued that a deceased employee's estate was not entitled to such payments. In the instant inquiry, however, city employees earning sick leave are not entitled to be reimbursed for more than 120 days upon departure or retirement.And see, 67 C.J.S. Officers s. 223 (annual leave considered part of compensation for services rendered).