PER CURIAM.
The Miami Beach Police and Firemen For Full Pension Benefits, Inc., (MBPF) appeals a declaratory judgment. MBPF instituted an action against the Board of Trustees of the City Pension Fund For Firemen and Policemen of the City of Miami Beach requesting the court to declare that accumulated vacation, sick leave, and other benefit payments be included as salary and wages for the purpose of calculating pension benefits due to retirees. The trial court, on the authority of City of Miami Beach v. Cleary, 75 So.2d 792 (Fla.1954), determined that the accumulated benefits should not' be included as salary or wages for pension benefit purposes.
We affirm the declaratory judgment. The trial court correctly relied on the statement by the Florida Supreme Court in Cleary that “[t]he [trial] court having held, and we think correctly, that accumulated leave is not to be considered as ‘creditable service’ in computing benefits, there is no justification or reason to hold that a deduction be made therefrom for the benefit of the system.” Cleary, 75 So.2d at 795. Although the supreme court did not directly address the issue before us, it approved the *230 trial court’s reasoning. The first district court of appeal has reached a similar conclusion in Gilmore v. Burks, 325 So.2d 455 (Fla. 1st DCA 1976).
The approach urged by MBPF would lead to inequality among pension plan members, some of whom are unable to accumulate benefits. Pension acts are construed to avoid “an inequitable result or result in favoring one member over another.” Cleary, 75 So.2d at 795. The declaratory judgment is therefore affirmed.
Affirmed.