## No. 16,296.

### Shearer, Guardian v. Board of Trustees of the Firemen's Pension Fund.
(218 P. [2d] 753)

Decided May 8, 1950.

Mr. Roy E. Montgomery, for plaintiff in error.

Mr. J. Glenn Donaldson, Mr. Abe L. Hoffman, for defendant in error.

*En Banc.*

Mr. Justice Jackson delivered the opinion of the court.

Plaintiff in error, as plaintiff in the trial court, filed her complaint, accompanied by affidavit praying for the issuance of a citation to the Board of Trustees of the Firemen's Pension Fund to show cause. The complaint alleged lack of jurisdiction and abuse of discretion by defendant board. A citation to show cause was issued,

addressed to the secretary of the Board, commanding him to certify to the court a full and complete transcript of the testimony taken in connection with the application of the minor, Susan Joann Johnson, for increased pension benefits together with all other documentary evidence pertaining to the case. There was due compliance with this citation, and the trial court, after reviewing the proceedings had before the Board, entered judgment dismissing the case and taxing the costs to plaintiff.

Plaintiff, in seeking reversal here, files the following three specifications of points:

"I. That the Court erred in inferentially holding that the plaintiff had no right to appeal in view of Section 453 of the aforementioned act, which provided that, 'Decisions of the Board on such applications shall be final and conclusive and not subject to revision or reversal except by said Board.'

"II. That the Court abused its discretion in holding that the affiant was not entitled to the maximum pension of one-fourth of the current monthly rate of a fireman first grade, since the law specifically provides that if there be no surviving widow but a surviving child, then said pension board shall order a payment equal to one-fourth of the current monthly salary.

"III. That the District Court of the City and County of Denver abused its discretion and acted capriciously in determining the matter contrary to the law applicable to the facts."

The minor here involved is a daughter of a former member of the Denver Fire Department, who died August 14, 1942, after he had been placed on the retired list. In addition to his daughter, he left surviving him a widow, who was his second wife and the stepmother of his minor daughter. Payments in the amounts provided under the statute, where the deceased fireman leaves both a wife and child, were duly made to the two respective beneficiaries until August 30, 1944, at which

time the widow remarried and ceased to be entitled to draw any further pension. When she remarried she abandoned her stepdaughter, thirteen years of age, and declared the latter to be an orphan. The minor's guardian, who at the time of the widow's remarriage was entitled to and was drawing $12.00 a month for the benefit of Susan Joann, thereupon petitioned for an increased allotment for the minor, contending that from the date of the remarriage of the widow the minor was entitled to one-fourth of the base pay of a fireman first grade; and when the pension board refused this request, the guardian brought this suit.

The pertinent provisions of this act are sections 453, 457 and 458, of chapter 317, S.L. '47, which read as follows:

"Section 453. The Board shall have power to make all needful rules and regulations for its government in the discharge of its duties, and shall hear and decide all applications for retirement, pensions, annuities and benefits under this Act. Decisions of the Board on such applications shall be final and conclusive, and not subject to revision or reversal except by said Board.

"Section 457. If any member, officer or employee of said Fire Department shall die from any cause while in the service, or while on the retired list, leaving a surviving widow, whom such officer, member or employee married previous to his application for retirement, or previous to April 5, 1945, if he was then on the retired list, such marriage having been legally performed by a duly authorized person, such surviving widow shall be awarded a monthly annuity equal to one-fourth ($\frac{1}{4}$) of the current monthly salary of a fireman, first grade, of the said Department, so long as the widow remains unmarried. No dissolution of a subsequent marriage shall have the effect of reinstating said widow on the pension roll or authorize the granting of a pension. This section shall apply alike to widows of firemen and retired firemen who die after the date of enactment of

this Amendment and to widows of firemen and retired firemen who are now dead, it being the intent of the General Assembly to provide for an annuity for all widows of firemen, which annuity shall increase or decrease proportionately to any increase or decrease in the current rate of pay of firemen.

"Section 458. The Board shall also order the payment to such widow or the legally appointed guardian of each child of such deceased member, officer or employee of said Fire Department a monthly annuity of Twelve Dollars ($12.00) for each child, to continue until such child reaches the age of eighteen years. The total of combined annuities paid to or for the survivors of any fireman shall not exceed one-half (½) of the current salary paid to a fireman, first grade, of said Department. If there be no surviving widow as above limited and described, but a surviving child or children under eighteen years of age, then the said Board shall order a monthly payment equal to one-fourth (¼) of the current monthly salary of a fireman, first grade, to be divided equally among the said children, or a monthly payment of Twenty Dollars ($20.00) for each child, whichever total amount is greater, to the guardian of said child or children for said child or children, provided that in no event shall such surviving children of a deceased or retired fireman receive an amount in excess of one-half (½) of the current salary paid to a fireman, first grade, of said Department."

 Both sides agree that the one question presented to the pension board for determination was: When a fireman entitled to pension dies, leaving a wife and dependent child, is the dependent child entitled to increased benefits upon the remarriage of the widow?

The pension board's position is that the surviving widow's right to a pension accrues at the time of her husband's death. Her right continues "so long as the widow remains unmarried." The sentence following that phrase, "No dissolution of a subsequent marriage

shall have the effect of reinstating said widow on the pension roll or authorize the granting of a pension," is then stressed. It is argued that that provision continues to recognize the woman as the widow of a fireman, even after she has remarried, but prohibits her: first, from drawing a pension after she has remarried, and second, from recapturing her pension once she has relinquished it. It is therefore argued that the term "widow" is used for the purpose of identifying the person who becomes entitled to, or disqualified from, receiving a pension and does not refer to a terminable status, such as widowhood. Thus the board's theory is that if a wife survives her husband she is for all time thereafter a surviving widow, and the provision of section 458 remains inoperative even though she remarries.

The pension board maintains that the phrase, "as above limited and described," refers to a limitation and description in section 457 which excludes from the term "widow" those who, at the time of the fireman's death, do not become entitled to receive annuities (pensions). The pensionable class "as above limited and described" includes a woman whom the deceased fireman " * * * married previous to his application for retirement, or previous to April 5, 1945 [the effective date of the firemen's pension act of 1945] if he was then on the retired list, such marriage having been legally performed by a duly authorized person."

It is the board's position that the rights of all those who are entitled to receive benefits upon the death of a fireman under the foregoing section become fixed as of the time of the death of the fireman, namely: 1. If the sole beneficiary is a surviving widow, she takes a pension so long as she does not remarry; 2. If there is no surviving widow but there is a child or children surviving, then such child takes—and if there be more than one child then such children take collectively—the amount of pension that the widow (had there been one) would have been entitled to receive; 3. If the fire-

man dies and is survived by both a widow and children, the monthly annuity is paid to the widow and a separate annuity, in the amount named in the statute, is paid for each child either to the widow or to the child's guardian.

Of these three contingencies for which provision is made in the statute, it is the latter which has occurred in this case and the board's position is that the legislative intent was that no additional benefits should go to the child or children upon the remarriage of the widow, on the theory that the widow's remarriage would ordinarily provide a new home for the child or children —the legislature not taking into account the harsh possibilities of either a natural mother or a stepmother declaring a child to be an orphan.

The argument of counsel for the minor is that when a widow remarries, and by so doing makes herself forever thereafter ineligible to receive a widow's pension, then the family unit eligible to pension in the eyes of the law becomes the child or children of the deceased fireman, and that thenceforward they should be treated as if their father had died leaving no widow. Counsel's theory is that the words "as above limited and described" refer not, as the pension board contends, to the type of ceremony by which the marriage had been performed, but to the words, "so long as the widow remains unmarried."

Plaintiff in error's first specification deals with the jurisdiction of the court. The provision of the statute would appear to deprive the court of jurisdiction, but the question of whether that provision is in conflict with the Colorado Constitution has not been briefed. We expressly reserve the question of constitutionality of this provision that makes the action of the firemen's pension board not subject to review by the courts. This question can be determined later, after it has been argued and thoroughly briefed.

In the instant case the position of counsel for the pension board is that its decisions are subject to review

598

under rule 106 (a) (4), R.C.P. Colo.; that the determinations of the board are final as to questions of fact and conclusions of law, except where the board has acted beyond the orbit of its jurisdiction or has abused its discretion. By specifications of error 2 and 3, plaintiff in error attacks the action of the district court on this very theory, alleging that it abused its discretion and acted capriciously. Assuming that the court had the right to review the decision of the pension board, we believe its action in rendering judgment in favor of the board was correct and that the board properly construed the law in its application to the facts in this case. It would appear not to have been the intention of the legislature that, when a deceased fireman entitled to pension dies leaving a wife and dependent child, the dependent child should be entitled to increased benefits upon the remarriage of the widow. We believe the theory of the legislature was that remarriage of the widow ordinarily would afford a new home, not only for the widow, but for her child or children, and that there would be no need of increasing the benefits to the child or children. To adopt the contention of plaintiff in error, the widow would have the advantage of a new home and, in addition, the full amount that she had previously been drawing, as the widow of her former husband, would then become payable to her child. She would thus have a double benefit, which we do not believe was the intention of the legislature in enacting the statute.

In conclusion, we believe that the pension board properly construed the statute and that the judgment of the trial court was correct in affirming the action of the board.

The judgment of the trial court is affirmed.

MR. CHIEF JUSTICE HILLIARD and MR. JUSTICE MOORE dissent.