## No. 17,824.

BOARD OF TRUSTEES OF THE POLICEMEN'S PENSION FUND OF THE CITY OF PUEBLO, ET AL. *v.* JOHN KOMAN.

(298 P. [2d] 737)

Decided June 18, 1956.

Mr. GORDON D. HINDS, Mr. WAYNE D. WILLIAMS, for plaintiffs in error.

Mr. LAURENCE A. ARDELL, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

WE will refer to the parties by name or as they appeared in the trial court, where John Koman was plaintiff and the Board of Trustees of the Policemen's Pension Fund, et al., herein also referred to as the Board, were defendants.

On August 15, 1942, plaintiff was appointed a member of the Pueblo police department, and he continued in that employment until May 3, 1948, when he resigned by letter dated May 1, 1948. On May 6, 1954, plaintiff by letter claimed a pension on account of physical disability allegedly incurred in the performance of his duties as a Pueblo policeman. The next day he filed his complaint alleging his injuries; that he made claim upon the Board and that it had failed to act upon his application for a pension and prayed for an order of court directing the Board to do all things necessary to award plaintiff a pension as a disabled police officer.

Later a hearing was held by the Board, and in October,

1954, plaintiff's claim was denied. Thereafter plaintiff filed an amended complaint setting forth the hearing and alleging that the decision of the Board was arbitrary and capricious and was an abuse of discretion on the part of the Board because (1) That the evidence showed that plaintiff's resignation from the police department was involuntary; (2) that if the resignation was deemed voluntary, the evidence showed that plaintiff was disabled prior to resigning and while he was a member in good standing in the Pueblo Police Department; and (3) that the Board acted arbitrarily and capriciously.

Under order of the district court the Board filed a full, true and correct transcript of its record together with the evidence and exhibits in plaintiff's case and its final order in the case. By stipulation of the parties the cause was submitted to the trial court on the record so submitted.

Koman's claim is that on January 31, 1944, he injured his back while rescuing a woman from a burning building and that on October 13, 1946, he fell from his motorcycle and injured his knee. Except for short periods following these incidents, during which he was treated therefor, plaintiff continued to work as a policeman until the date of his resignation presented to the Board on May 3, 1948.

The trial court, after reviewing the record before it, found that plaintiff applied to the Board for a pension on May 6, 1954; that the action of the Board in denying plaintiff's application "was an abuse of its discretion"; that it was immaterial that plaintiff was not a member in good standing in the police department at the time of his application; that no statute of limitations applies to "this a special statutory proceeding." Accordingly, the trial court entered judgment in favor of plaintiff for $1599.00, being one-half of his monthly salary from the time he resigned to the date of judgment, together with interest, and ordered that plaintiff thereafter be certified on the pension roll "as eligible for a disability pension

and hereafter paid at the rate of $123.00 per month beginning as of July 1, 1955 * * *." From this judgment, the Board brings the cause here for review on writ of error.

It appears from the record that the Pueblo Chief of Police on April 17, 1948, suspended Koman for a period of 48 hours because of neglect of duty and conduct unbecoming an officer and reported his action to the Pueblo City Council. On April 19, 1948, the City Council advised Koman that a hearing on the matter of his dismissal from the police department would be held on April 21, 1948, and invited him to be present at the hearing. No hearing was held on April 21, 1948, and on May 3, 1948, Koman tendered his resignation "effective immediately" and "withdrew" his demand for a trial on the charges preferred. In this resignation Koman stated: "I have tendered this resignation after being fully advised of my rights in the case." The resignation was accepted on May 7, 1948. Thereafter Koman obtained employment at the Colorado Fuel and Iron plant in Pueblo which employment continued to the time of the hearing in the instant case.

The Pension Board made the following among other findings:

"1. That John C. Koman was employed as a patrolman in the Police Department of the City of Pueblo on or about February 1, 1942, and thereafter served as such until his resignation on May 3, 1948, and that he has not been employed by the City of Pueblo in any capacity since that date.

"4. That section 524 of Ch. 163, 1935 C.S.A. authorizes a pension 'if any member or officer of any police department shall become mentally or physically disabled so as to render necessary his retirement from service in such department' and that applicant, having resigned from the department in 1948, is not now a member to be retired from service in the department and does not meet the requirements of the statute."

That plaintiff had not shown by testimony that his retirement was necessary because of injuries sustained in the course of duty.

█ Nowhere in the record does it appear that the resignation of plaintiff was involuntary. The city council set a time for hearing on the charges and no hearing was ever held. On May 3, 1948, the city council received a letter from plaintiff, dated May 1, 1948, stating that he resigned from the Pueblo police force "effective immediately" and that he did not desire a hearing on the charges made against him "after being fully advised of my rights in the case."

We must conclude that under these circumstances his resignation was voluntary.

We quote from 40 A.J., Sec. 28, p. 984-985:

" * * * The voluntary resignation of a public employee from his position operates, however, as a complete severance therefrom, and the loss of right to the position and of all rights, benefits, or emoluments thereof, including all pension rights, and his subsequent reappointment after he has passed the age limit for admission in the pension fund does not entitle him to reinstatement as a beneficiary of such fund." See, also, 67 C.J.S., p. 226; *Doering v. Hinrichs,* 289 N. Y. 29, 43 N.E. (2d) 709; *Board of Trustees of Firemen's Pension Fund v. State ex rel. Furgason,* 205 Ind. 557, 187 N.E. 330; *State ex rel. Clemens v. Kern,* 215 Ind. 515, 20 N.E. (2d) 514; *People ex rel. Malone v. Mueller,* 328 Ill. App. 593, 66 N.E. (2d) 516.

Pensions of the sort here considered are granted for the benefit of the state and not primarily for the benefit of the recipients. They are awarded to reward efficiency and to encourage officers to remain in the service as well as to give assurance of decent living upon retirement, whether by reason of old age or because of disability.

█ We must conclude that it would serve to defeat the main purpose of this pension statute to allow members of the police departments to resign from their posi-

tions, take private employment, as in the instant case, and then more than six years after resignation come back on the scene and assert a claim for disability due to some injury allegedly incurred in the line of duty prior to resignation. When plaintiff voluntarily resigned "after being fully advised of my rights in the case" he severed his relationship with the department and this included his alleged right to demand a disability pension.

A careful reading of the evidence concerning plaintiff's disability before the Board discloses a substantial conflict whether plaintiff was in 1948 so disabled as to necessitate his retirement from the department. Because there is a conflict in the evidence it does not follow that the Board abused its discretion because the trial judge disagreed with the factual finding of the Board. *Van DeVegt v. Board of County Commissioners,* 98 Colo. 161, 55 P. (2d) 703.

Under the applicable statute a wide discretion is left to the police pension board and any review thereof may not extend beyond a determination of whether or not the Board under the record being reviewed exceeded its jurisdiction or abused its discretion.

An essential element of plaintiff's case is not whether he was disabled to some degree, but whether he was so disabled "as to render his retirement from service in such department" a necessity as by statute provided. That plaintiff suffered some impairment of his knee may be conceded, yet there is no evidence that he could not hold a police department job which did not require him to move about with his usual ease and speed. Many desk, clerical or other positions in police departments are held by men who have some physical impairment or disability.

The act [C.R.S. '53, 139-49-1 et seq.] providing for the creation of the police pension fund and payment therefrom fixes no limit of time within which application for a pension must be made or action to enforce the claimed

right commenced. Hence there is here presented the question: In the absence of an express statute of limitations, will the courts sanction an unlimited time in which a pension claimant may assert his rights?

Plaintiff's resignation coupled with his inaction for a period of more than six years must be taken as an abandonment of any right to claim a pension, for it is admitted that during all of this time he knew of the alleged disability and did nothing to indicate that he would demand retirement for he worked continuously as a police officer.

■ We have in this state several limitation statutes. C.R.S. '53, 87-1-11, is not a general or catch-all limitation statute. The six year term there limited applies to the several categories of claims or cases therein mentioned. The general statute of limitations applying to all actions or proceedings for which a special period is not provided is C.R.S. '53, 87-1-9, which reads as follows:

"The following actions shall be commenced within 3 years next after the act complained of and not afterwards: * * * (2) All other actions of every kind for which no other period of limitation is provided by law."

The plaintiff's claim accrued at the time of the disabling injury, if such it was.

"When, however, a cause of action has accrued, but the owner of the cause of action, in order to maintain suit upon it, is required to take some preliminary antecedent step, such as the service of notice upon the person against whom the cause of action exists, he is not permitted to suspend indefinitely the operation of the statute of limitations by a failure to act or by long and unnecessary delay in taking the antecedent step. The rule that the plaintiff's cause of action has not accrued so as to start the statute of limitations running unless all facts exist so that the plaintiff can allege a complete cause of action is subject to the exception that if the only act necessary to perfect the plaintiff's cause of action is one to be performed by the plaintiff, and he is

under no restraint or disability in the performance of such act, he cannot indefinitely suspend the statute of limitations by delaying performance of the act. It is not the policy of the law to permit a party against whom the statute runs to defeat its operation by neglecting to do an act which devolves upon him in order to perfect his remedy against another. If this were so, a party would have it in his own power to defeat the purpose of the statute in all cases of this character." 34 A.J., 96, Sec. 116.

■ The right to receive a pension is a very different right from the right to receive payment once the basic right to receive the pension itself has been determined. Once the right to receive a pension has been determined, then the receipt of the pension is a continuing one. The basic or primary right (to receive the pension) is not a continuing one and may be barred by laches or by a statute of limitations. *Dillon v. Board of Pension Commissioners,* 18 Cal. (2d) 495, 116 P. (2d) 37; *Barney v. City of Lincoln,* 144 Neb. 537, 13 N.W. (2d) 870; *State v. Boyce,* 7 Ter. (Del.), 153, 81 A. (2d) 294.

The General Assembly has not enacted a special limitation on the time for filing pension claims, hence we must conclude that the three year statute (C.R.S. '53, 87-1-9) governs.

To summarize: Plaintiff was not a member of the Pueblo police force at the time he filed his claim, he having voluntarily resigned; he failed to convince the Board that his disability was such as to require his retirement from the department; that plaintiff's claim is barred by the three year statute of limitations.

For these reasons the judgment is reversed and the cause remanded to the trial court with directions to dismiss the complaint.