## No. 27404

**City of Aurora, Colorado, a municipal corporation v. Fred H. Hood, W. Robert Semple, Robert E. Broom, Nathan L. Wycoff, Benny K. Blake, and Jerome J. Fricke, as members of the Board of Trustees of the Aurora City Police Retirement System, David L. Wilhelm, and W. Robert Semple, as City Manager of the City of Aurora, Colorado**

(570 P.2d 246)

Decided September 26, 1977.

Leland M. Coulter, Richard Kaufman, Louise L. Edmonds, for petitioner-appellant.

Ronald S. Loser, for respondents-appellees.

Atler, Zall and Haligman, P.C., Lawrence M. Henry, for respondent-appellee David L. Wilhelm.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

Respondent David L. Wilhelm ("Wilhelm"), a former member of the Aurora Police Department, made application for permanent disability to the respondent Board of Trustees of the Aurora City Police Retirement System ("Board"). On March 18, 1976, the Board granted a permanent disability pension to Wilhelm. The City of Aurora ("City") initiated this action by filing a petition with the district court pursuant to C.R.C.P. 106 alleging that the Board had exceeded its jurisdiction and had acted arbitrarily and capriciously in awarding the pension to Wilhelm. On March 26, 1976, the district court entered an Order to Show Cause and a Restraining Order precluding the Board from making any monthly disbursements until the court had fully reviewed the matter.

The Board filed a motion to dismiss the City's complaint on the ground that the City ordinance contained in section 1-18-13 of chapter 18, title I, of the Aurora City Code together with section 31-30-605, C.R.S. 1973, provide that the Board's decision shall be final and not subject to judicial review. The district court agreed and dismissed the complaint holding that it lacked jurisdiction to proceed. The City of Aurora filed an appeal in this court contending that if, in truth, the ordinance and statute do exclude judicial review, then those enactments are unconstitutional. We hold that judicial review is not barred by the language of the legislation in

question, and therefore, reverse the trial court.

Section 1-18-13 of the Aurora City Code provides:

"Hearings: Prior to making any decision on an application for a pension, disability payments, (temporary or permanent) suspension of disability payments or beneficiary payments, the Board shall hold a hearing. All persons in interest shall be entitled to notice thereof, to be present at such hearing, to be represented by counsel, to propound any question pertinent or relevant to such matter, and shall have the right to introduce evidence in his own behalf. All witnesses so produced shall be examined under oath, and any member of the Board is hereby authorized to administer such oath to such witness. The decision of the Board in all cases shall be final."

This is to be read in conjunction with section 31-30-605, C.R.S. 1973:

"Rules — decision final — record. The board has the power to make all needful rules and regulations for its government in the discharge of its duties and shall hear and decide all applications for relief or pensions under this part 6, and its decision on such application shall be final and conclusive and not subject to revision or reversal except by said board. A record shall be kept of all meetings and the proceedings of said board."

The issue presented here is whether the words "final" and "final and conclusive" in the subject enactments exempt the Board's decision from judicial review under C.R.C.P. 106. While in *Shearer v. Trustees*, 121 Colo. 592, 218 P.2d 753 (1950), we noted that the state statute would "appear" to deprive the district court of jurisdiction, we there expressly reserved the question of its scope which we now address.

Initially it is to be noted that contributory pensions in Colorado are in the nature of a contractual property right and not a mere privilege or gratuity. *See, Police Pension and Relief Board v. McPhail*, 139 Colo. 330, 338 P.2d 694 (1959) and *Police Pension and Relief Board of Denver v. Bills*, 148 Colo. 383, 366 P.2d 581 (1961). Accordingly, this court must carefully scrutinize the enactments in question in order to insure that the due process rights of all parties are protected. We do so, however, in light of the principle oft stated by this court that wherever possible a statute should be read so as to uphold its constitutionality. *People ex rel. VanMeveren v. County Court In and For Larimer County*, 191 Colo. 201, 551 P.2d 716 (1976).

Bearing these principles in mind and not choosing to lightly infer an intent on the part of the legislature and the City of Aurora to create an unconstitutional result, we think the words "final and conclusive" merely determine the point of administrative finality, leaving to the courts the ultimate decision on the validity of the "final" administrative orders. This is not to say, however, that a trial *de novo* in the district court is now required. Rather, we also interpret the words "final and conclusive" as an indication by the legislature of its intent to provide the same type of review on the record customarily available under other statutes dealing with

review of administrative orders. *See, Estep v. United States*, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1946). This view was tacitly, if not expressly, approved in *Board of Trustees of Policemen's Pension Fund v. Koman*, 133 Colo. 598, 298 P.2d 737 (1956) and *Hubbard v. Pueblo Firemen's Pension Fund*, 150 Colo. 495, 374 P.2d 492 (1962). We there applied the test of abuse of discretion when dealing with judicial review of pension board's decisions under statutes which declared the board's action to be "final and conclusive." *See* sections 139-49-1, *et seq.*, and 139-50-1, *et seq.*, C.R.S. 1953. The scope of review was described in *Koman* as follows:

"Under the applicable statute a wide discretion is left to the police pension board and any review thereof may not extend beyond a determination of whether or not the Board under the record being reviewed exceeded its jurisdiction or abused its discretion." 133 Colo. at 603, 298 P.2d at 740. We find this limitation equally applicable to the case at bar.

The decision of the district court is reversed and the cause is remanded for proceedings consistent with this opinion.