Joseph BONACCI, Jr.,
Plaintiff-Appellant,

v.

CITY OF AURORA and Fire Department Pension Board, Defendants-Appellees.

No. 79CA0269.

Colorado Court of Appeals,
Division II.

Sept. 20, 1979.

Rehearing Denied Oct. 18, 1979.

Certiorari Granted Feb. 25, 1980.

Dickson & Dickson, Charles B. Dickson, Greeley, for plaintiff-appellant.

William R. Sprague, Acting City Atty., Louise L. Edmonds, Acting Deputy City Atty., Aurora, for defendants-appellees.

RULAND, Judge.

Plaintiff brought this declaratory judgment action against the City of Aurora and its Fire Department Pension Board, challenging the Board's denial of his request for retirement. The district court dismissed the action, ruling that plaintiff's exclusive remedy was certiorari review under C.R.C.P. 106(a)(4). We affirm.

Plaintiff was hired by the Aurora Fire Department in January of 1957. Under the ordinances and rules then in effect, fire department employees were eligible for retirement when they reached 50 years of age and had completed 21 years of service. Plaintiff would therefore have been eligible for retirement on April 4, 1978, when he became 50.

The provisions of C.R.S.1953, 139–80–11 (now § 31–30–511, C.R.S.1973), which fix 25 years as the minimum period for fire pension eligibility, apply only to cities with a population of 100,000 or more. Aurora's population was less than 100,000 in 1957. By 1974, however, Aurora's population had exceeded 100,000 and the city council, complying with the statute, amended the code and increased the required years of service from 21 to 25.

Plaintiff applied to the Board for his voluntary retirement. Following a hearing, the Board denied the request in June of 1978 because he had not completed 25 years of service. However, plaintiff did not file this action until October of 1978.

Resolution of plaintiff's contentions is governed by well established principles of administrative law.

Plaintiff was first obligated to present his retirement claim to the Pension Board. *See Spickard v. Civil Service Commission*, 33 Colo.App. 426, 523 P.2d 149 (1974). In reviewing his claim it was necessary for the Board to set a hearing date, provide plaintiff notice thereof and an opportunity to appear, and then to apply the law to facts established in conjunction with the hearing. *Snyder v. Lakewood*, 189 Colo. 421, 542 P.2d 371 (1975). The Board in effect determined that the amended ordinance superseded any vested rights alleged by plaintiff pursuant to a contract. Hence, contrary to plaintiff's contention, the Board thereby was acting in a quasi-judicial capacity. *Snyder v. Lakewood, supra.*

Since plaintiff properly pursued his administrative remedy, judicial review was available to him pursuant to C.R.C.P. 106(a)(4); *Aurora v. Hood*, 194 Colo. 80, 570 P.2d 246 (1977), and it was the "proper remedy." *Turner v. Denver*, 146 Colo. 336, 361 P.2d 631 (1961). However, plaintiff was obligated to seek that review within 30 days as dictated by C.R.C.P. 106(b). *See Civil Service Commission v. District Court*, 186 Colo. 308, 527 P.2d 531 (1974). Further, plaintiff may not circumvent this requirement by filing an action for declaratory judgment after the 30-day period has expired. *See Snyder v. Lakewood, supra; Greyhound Racing Ass'n v. Colorado Racing Commission*, Colo.App., 589 P.2d 70 (1978).

Judgment affirmed.

PIERCE and BERMAN, JJ., concur.