**Joseph BONACCI, Jr., Petitioner,**

v.

**CITY OF AURORA and Fire Department Pension Board, Respondents.**

No. 79SC350.

Supreme Court of Colorado, En Banc.

March 1, 1982.

Dickson & Dickson, Charles B. Dickson, William E. Schade, Greeley, for petitioner.

Patrick E. Kowaleski, Louise L. Edmonds, Aurora, for respondents.

ERICKSON, Justice.

We granted certiorari to review *Bonacci v. Aurora*, 43 Colo.App. 249, 606 P.2d 1308 (1979), which held that a failure to seek judicial review under C.R.C.P. 106(a)(4) within thirty days after the denial of the petitioner's claim for retirement pension benefits precluded a subsequent declaratory judgment action. We reverse and return the case to the court of appeals with directions to remand to the district court for resolution of the issues in the declaratory judgment action.

On January 21, 1957, Joseph Bonacci, Jr., was hired by the Aurora Fire Department. Prior to that time, he had worked as a volunteer for the Aurora Volunteer Fire Department and, for retirement purposes, he was credited with his volunteer service. As a result, his "service" date for retirement purposes was November 21, 1956.

At the time Bonacci was hired, the Firemen's Pension Fund for the City of Aurora (City) was governed by C.R.S. '53, 139–50–12 (now codified in section 31–30–408, C.R.S.1973 (1977 Repl.Vol. 12)), and the City's ordinance which provided for retirement pension benefits for firemen in cities with a population of less than 100,000. Under section 139–50–12 and the City's implementing ordinance, Bonacci was entitled to receive a retirement pension after attaining the age of fifty and after accumulating at least twenty years of service.[1] Before Bonacci became fifty, however, the population of the City grew to more than 100,000. Due to the population increase, the City ordinance regarding retirement pension benefits for firemen was specifically amended in November 1976, to include the provisions of section 31–30–511(1), C.R.S.1973 (1977 Repl. Vol. 12), which governs firemen's retirement benefits for cities with a population of more than 100,000. No allowance was made in the statute or ordinance for firemen who had accumulated service prior to the time that the City attained a population of 100,000. Section 31–30–511(1) entitles a fireman to receive a retirement pension upon reaching the age of fifty, provided that he has accumulated at least twenty-five years of service.[2] At the time the City amended its ordinance, Bonacci had accumulated almost twenty years of service.

On April 11, 1978, when Bonacci reached the age of fifty, he had accumulated over twenty-one years of service in the Aurora Fire Department. He thereafter petitioned

1. C.R.S. '53, 139–50–12 provides:

"Any member of any paid fire department who shall have reached the age of fifty years, and who shall have served for a period of twenty years in any such department or departments in the state of Colorado shall be entitled to a monthly pension equal to one-half the amount of the average salary he shall have received as a member of said department or departments for one year before the time of granting his application. If, thereafter, such member shall accept a salaried position as fireman in any municipality, the payment of his pension shall be suspended during the period he holds such position."

2. Section 31–30–511(1), C.R.S.1973 (1977 Repl. Vol. 12) provides:

"Any officer, member, or employee of said fire department who has served at least twenty-five years of active duty and has attained the age of fifty years shall be retired within thirty days after making application for retirement, except during periods of national emergency, and such person shall be paid a monthly pension equal to one-half the amount of the monthly salary said person received as an officer, member, or employee of said department as of the date of application for retirement. For so long as said officer, member, or employee of said department is in retirement, there shall be added to the amount of said pension one-half of any increase in salary and longevity or additional pay based on length of service granted to the rank formerly occupied by him in said department."

the Fire Department Pension Board (Board) for retirement pension benefits as a predicate to his declaratory judgment action. On June 19, 1978, the Board unanimously voted to deny Bonacci's petition after hearing a statement from the Aurora City Attorney that the more recent statute (section 31–30–511(1)) and ordinance controlled and that Bonacci was not entitled to a pension because he had not accumulated twenty-five years of service.

On October 13, 1978, Bonacci filed a declaratory judgment action in the District Court for Adams County to obtain a judgment declaring that his pension rights should be determined in accordance with the eligibility requirements in effect when he was hired, and that the City's amended ordinance could not constitutionally be applied to him. The district court found that, since Bonacci sought review of a quasi-judicial determination of the Board approximately four months after the Board had denied his petition, the action was not in compliance with the applicable provisions of C.R.C.P. 106 (Rule 106), which require that such actions be brought within thirty days of the Board's decision.[3] Consequently, the district court dismissed the declaratory judgment action.

Bonacci then appealed to the court of appeals, which held that the decision of the Board was quasi-judicial in nature and that Rule 106(a)(4) was the proper and exclusive remedy. Since Bonacci failed to file the action within thirty days after the Board's decision, the court of appeals concluded that

the district court was correct in dismissing the declaratory judgment action. *Bonacci v. Aurora*, 43 Colo.App. 249, 606 P.2d 1308 (1979). We granted certiorari and, for the reasons expressed in this opinion, we reverse the decision of the court of appeals.

The City argues that the Board's action in denying Bonacci's petition for retirement pension benefits was a quasi-judicial function since it involved an exercise of discretion and because it required notice and a hearing. *See Englewood v. Daily*, 158 Colo. 356, 407 P.2d 325 (1965). Accordingly, the City contends that Rule 106(a)(4) is the exclusive remedy to challenge a quasi-judicial action, and review thereunder is limited to a determination of whether the administrative body has exceeded its jurisdiction or abused its discretion. *See Aurora v. Hood*, 194 Colo. 80, 570 P.2d 246 (1977); *Snyder v. Lakewood*, 189 Colo. 421, 542 P.2d 371 (1975). Bonacci's failure to join the declaratory judgment claim with a claim for relief under Rule 106(a)(4) within thirty days resulted in a jurisdictional defect which the City argues precluded judicial determination of the issues set forth in the declaratory judgment action. We do not agree with the City. Under the facts of this case, we conclude that the declaratory judgment action was proper since review of the Board's denial of Bonacci's request for firemen's retirement pension benefits was not the issue presented for resolution in the declaratory judgment action.

**3.** Rule 106(a)(4), at the time Bonacci filed the declaratory judgment action, provided:

"Where an inferior tribunal (whether court, board, commission or officer) exercising judicial or quasi-judicial functions, has exceeded its jurisdiction or abused its discretion, and there is no plain, speedy and adequate remedy. Upon the filing of the complaint the court shall direct the issuance of a citation to the inferior tribunal to show cause why the relief requested shall not be allowed. If the complaint is supported by an affidavit the order to show cause may be issued, or the court may forthwith order the inferior tribunal, or any person having custody of the records of the proceedings described in the complaint, to certify to the court at a specified time and place a transcript of the record and proceedings, or such portion

thereof as the court may direct. If a stay of proceedings is granted the citation or order shall so state. Review shall not be extended further than to determine whether the inferior tribunal has exceeded its jurisdiction or abused its discretion."

Rule 106(b) provided:

"Where a statute provides for review of the acts of any inferior tribunal (whether court, board, commission, or officer) by certiorari or other writ, or for a proceeding in quo warranto, relief therein provided may be had under this Rule. If no time within which review may be sought is provided by any statute, a petition for certiorari or other writ seeking to review the acts of any inferior tribunal shall be filed in the district court not later than 30 days from the final action taken by said tribunal."

In *Aurora v. Zwerdlinger*, 194 Colo. 192, 571 P.2d 1074 (1977), we set forth considerations for distinguishing between the types of acts performed by municipal governing bodies:

"[A]n action that relates to subjects of a permanent or general character are legislative, while those which are temporary in operation and effect are not. Additionally, acts that are necessary to carry out existing legislative policies and purposes or which are properly characterized as executive are deemed to be administrative, while acts constituting a declaration of public policy are deemed to be legislative." *Id.* at 196, 571 P.2d 1074.

*See also Margolis v. District Court*, Colo., 638 P.2d 297 (1981) (S.Ct. No. 80SA110, announced December 28, 1981).

Here, it was undisputed that Bonacci was fifty years old and had not completed twenty-five years of service. On the advice of counsel, the Board concluded that the newly-enacted ordinance required twenty-five years of service and foreclosed Bonacci from obtaining a pension. An administrative body does not have discretionary powers to alter eligibility requirements for retirement pension benefits which have been mandated by the legislature. *See Agee v. Trustees of Pension Board*, 33 Colo. App. 268, 518 P.2d 301 (1974). Consequently, the Board had no choice but to follow the ordinance in effect at the time it was presented with Bonacci's petition. Since no facts were in dispute, and since the Board exercised no discretion, its action in denying Bonacci's petition was merely an executive or administrative decision.

Moreover, in the complaint for declaratory judgment, Bonacci did not seek review of the Board's determination that he had not served as a fireman in Aurora for twenty-five years. Rather, he sought a legal determination whether the City could constitutionally amend its ordinance to change the retirement pension eligibility requirements for firemen who had become substantially vested under the ordinance which was in effect at the time they were hired and during the greater part of their service. It

was the City's legislative change of the ordinance and not the action of the Board which Bonacci sought to review in the declaratory judgment action. *Compare Collopy v. Wildlife Commission*, Colo., 625 P.2d 994 (1981) (a separate declaratory judgment action attacking the constitutionality of an administrative regulation is not barred when filed beyond the prescribed period for judicial review); *Julesburg Sch. Dist. RE–1 v. Ebke*, 193 Colo. 40, 562 P.2d 419 (1977) (school board's unilateral action in refusing longevity increments to teachers on the basis of a federal wage and price freeze falls outside the scope of Rule 106 and the guidelines in *Snyder v. Lakewood*, 189 Colo. 421, 542 P.2d 371 (1975)); *Clasby v. Klapper*, Colo., 636 P.2d 682 (1981) (the statutory review procedure set forth in section 12–23–120, C.R.S.1973 (1978 Repl.Vol. 5), was the appropriate and exclusive means of challenging the facial constitutionality of the electricians' licensing statute upon denial of an application for license renewal); *Norby v. Boulder*, 195 Colo. 231, 577 P.2d 277 (1978) (a separate declaratory judgment action was not the proper method to challenge a rezoning determination where notice was given and where it could have been joined in a timely filed Rule 106(a)(4) action). *See generally* Hobbs, *Discovery and Judicial Review in State Administrative Practice*, 10 Colo.Law. 2490 (1981).

Since review of the board's determination was not the subject of Bonacci's declaratory judgment action, Rule 106(a)(4) was neither the appropriate nor the exclusive remedy by which he could obtain a declaration of his rights. Thus, the thirty-day time limit under Rule 106(b) for the filing of a proceeding under Rule 106(a)(4) was inapplicable to his case, and Bonacci was free to pursue an independent action for a declaration of his rights to a retirement pension at age fifty with twenty years of service. Hence, the filing of a declaratory judgment action was proper.

Accordingly, we reverse the judgment of the court of appeals and return the case to the court of appeals with directions to remand to the district court for a resolution

of the issues in the declaratory judgment action.