CITY OF LINCOLN, NEBRASKA, A MUNICIPAL CORPORATION, ET AL., APPELLANTS AND CROSS-APPELLEES, v. ALLEN SOUKUP, APPELLEE AND CROSS-APPELLANT.

340 N.W.2d 420

Filed November 18, 1983. No. 83-492.

William F. Austin, City Attorney, for appellants.

Ronald Rosenberg of Rosenberg & Taute, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

The defendant, Allen Soukup, filed a grievance with the personnel board of the City of Lincoln against the city and several of its officers and employees, the plaintiffs herein. The grievance was upheld, and the plaintiffs appealed to the District Court. That court, on motion of the defendant, ordered the appeal dismissed. We reverse and remand.

The defendant is a lieutenant in the Lincoln Police Department. His grievance was filed with the chief of police on June 29, 1982. This was denied by the chief on July 8, 1982. The defendant then requested a formal hearing before the personnel board by letter dated July 9, 1982. A hearing was held by that board on September 16, 1982, and on the same date a motion was passed upholding the defendant's grievance. The order also directed that his salary be advanced a minimum of 5 percent as requested. The plaintiffs' petition on appeal was filed in the District Court on November 2, 1982.

It is contended by the defendant that the action of the District Court should be affirmed because of the following language found at § 2.58.390(d)(3) of the Lincoln Municipal Code (1981): "The decision of the personnel board shall be final and binding upon the appointing authority," and in the collective bargaining agreement between the City of Lincoln and

the International Brotherhood of Police Officers Local No. 544: "The decision of the Personnel Board shall be final and binding upon the City." The trial court agreed with the defendant and based its decision on that language.

We have no problem with the language "final and binding." An order by the personnel board, like the order of any intermediate court or administrative agency, is final and binding unless appealed. In *Aurora v. Hood*, 194 Colo. 80, 570 P.2d 246 (1977), the Colorado court was faced with a similar problem. It said: "Bearing these principles in mind and not choosing to lightly infer an intent on the part of the legislature and the City of Aurora to create an unconstitutional result, we think the words 'final and conclusive' merely determine the point of administrative finality, leaving to the courts the ultimate decision on the validity of the 'final' administrative orders." *Id.* at 82, 570 P.2d at 247. See, also, *Dahlberg v. Pittsburgh & L. E. R. Co.*, 138 F.2d 121, 122 (3d Cir. 1943), in which the court said in part: "We think that the general plan of the statute clearly discloses an intention to use the words [final and binding] in the sense that the award is the definitive act of a mediative agency, binding until and unless it is set aside in the manner prescribed, and that it was intended that the Court should exercise broader powers than merely directing coercive process to issue if satisfied that the proceeding was authorized by law."

Neb. Rev. Stat. § 15-1201 (Reissue 1977) reads as follows: "Any person or persons, jointly or severally aggrieved by any final administrative or judicial order or decision of the board of zoning appeals, the board of equalization, the city council, or any officer or department or board of a city of the primary class, shall, except as provided for claims in sections 15-840 to 15-842.01, appeal from such order or decision to the district court in the manner herein prescribed."

In *Rohrer v. Ford*, ____ R.I. ____, 425 A.2d 529 (1981), the Rhode Island court was concerned with a statute that provided that the decision of the personnel appeal review board shall be final and binding upon all parties concerned. It concluded that the "final and binding" mandate was so much meaningless rhetoric which did not exempt such board from the operation of the Administrative Procedures Act provisions relating to judicial review.

This court, in *Richardson v. Board of Education*, 206 Neb. 18, 290 N.W.2d 803 (1980), had occasion to construe what was then Neb. Rev. Stat. § 79-1103.05 (Reissue 1976), which provided in part as follows: "(2) Any parent or guardian of such student who is aggrieved by a decision of the board of education may appeal such decision to the State Board of Education whose decision shall be *binding* when the school attended is outside the State of Nebraska." (Emphasis supplied.)

One of the questions presented to us in that case, which did involve a school outside the state, was whether a party, in a suit brought in the District Court to enforce the decision of the State Board of Education, could launch a collateral attack against such decision. We held that it could not. We said: "[W]e view the proceeding as simply a suit to recover money claimed to be due and owing by virtue of an order of the State Board. . . . We therefore hold that the State Board of Education hearing appeals as provided for in § 79-1103.05(2) acts in a quasi-judicial capacity and, therefore, either party has the right to appeal to the District Court any such order made . . . . It is clear that the School District took no steps to prosecute an appeal of any nature within 30 days of entry of the State Board's order, as required by Neb. Rev. Stat. §§ 25-1931 (Reissue 1975) and 84-917(2) (Reissue 1976). Rather, it attempted to collaterally attack an order of the State Board which had long before become final." *Id*. at 22-23, 25-26, 290 N.W.2d at 807-08.

We hold that the words "final and binding," when used in ordinances or statutes to refer to the decision of an administrative official or agency, mean that it is the definitive act of that official or agency and is binding until and unless it is set aside by judicial review. One cannot be denied the right of review in the appellate courts. *Richardson v. Board of Education, supra.*

However, the defendant insists that such a holding violates his contract rights under a binding arbitration agreement between the City of Lincoln and the union, and he cites authority from other jurisdictions upholding the enforceability of such agreements. The answer to that contention is found in *Heisner v. Jones,* 184 Neb. 602, 169 N.W.2d 606 (1969), in which we reiterated the longstanding rule in Nebraska that a contract to compel parties to arbitrate future disputes and thus to oust the courts of jurisdiction to settle such disputes is against public policy and is void.

The District Court was in error in dismissing the plaintiffs' petition on appeal, and its judgment is reversed and the cause is remanded for further proceedings.

The defendant had cross-appealed, seeking an award of attorney fees. In view of our holding on the principal appeal, the cross-appeal is dismissed.

REVERSED AND REMANDED FOR FURTHER
PROCEEDINGS.