COLORADO COMMON CAUSE, the Colorado affiliate of Common Cause, a District of Columbia non-profit corporation, and Rosalie Schiff, a qualified elector of the State of Colorado, Plaintiffs-Appellants and Cross-Appellees,

v.

Natalie MEYER, in her official capacity as Colorado Secretary of State, Defendant-Appellee and Cross-Appellant,

and

Colorado Association of Commerce and Industry, a Colorado corporation, Intervenor Defendant-Appellee.

No. 85CA0171.

Colorado Court of Appeals, Div. II.

June 5, 1986.

Rehearings Denied July 10, 1986.

Certiorari Granted (Colorado Common Cause) Jan. 20, 1987.

Buchanan, Gray, Purvis & Schuetze, Ross B.H. Buchanan, Boulder, for plaintiffs-appellants and cross-appellees.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Maurice G. Knaizer, First Asst. Atty. Gen., Denver, for defendant-appellee and cross-appellant.

Holland & Hart, Peter C. Houtsma, Denver, for intervenor defendant-appellee.

VAN CISE, Judge.

Plaintiffs, Colorado Common Cause and Rosalie Schiff (Common Cause), brought this action against defendant, Natalie Mey-

er, in her official capacity as Colorado Secretary of State, seeking a declaratory judgment that corporations which make cash contributions, contributions in kind, or expenditures to or on behalf of political candidates or committees are "political committees" which must report those expenditures pursuant to the requirements of Colorado's Campaign Reform Act of 1974 (CRA), § 1–45–101, et seq., C.R.S. (1980 Repl. Vol. 1B). The trial court determined that, contrary to Meyer's contention, the lawsuit was not barred by the provision in the State Administrative Procedure Act (APA) requiring that a proceeding for judicial review of an agency action be commenced within 30 days after such action becomes effective. Meyer cross-appeals that part of the judgment.

The court then ruled that Meyer had correctly determined that corporations are exempt from the requirements of the CRA. Common Cause appeals that ruling. We affirm the judgment.

During the 1982 general election, some of the candidates reported campaign contributions from Adolph Coors Co. and Colorado Disposal, Inc. Common Cause sent a letter to Meyer notifying her of the campaign contributions and asking her to require the two companies to file statements of organization and reports of their contributions pursuant to §§ 106, 108, and 114(1)(a) of the CRA. Meyer requested written responses from the companies, and each pleaded exemption from the filing and reporting requirements as a corporation. On June 16, 1983, Meyer publicly announced she would not require corporations to report campaign contributions or expenditures. Common Cause then filed this declaratory judgment action.

## I.

■ In her cross-appeal, Meyer contends that this action is, or should have been, an action for judicial review under APA § 24–4–106(4), C.R.S. The action was commenced October 28, 1983, more than 30 days after the agency action became effective, *i.e.*, Meyer's June 16 announcement

that she would not act on Common Cause's letter of complaint. Therefore, Meyer argues, the trial court erred in not dismissing the case for lack of jurisdiction. We do not agree.

The question whether a failure to pursue the remedy provided in § 24–4–106(4), C.R.S., in a timely fashion precludes an action for declaratory relief under C.R.C.P. 57 depends initially on whether the agency action was quasi-judicial or quasi-legislative. If the question concerns a particular ruling of fact as applied to a law or regulation, then the action is quasi-judicial and an APA review proceeding is the proper remedy, and a failure timely to pursue that remedy bars a declaratory judgment action. *Greyhound Racing Ass'n v. Colorado Racing Commission*, 41 Colo.App. 319, 589 P.2d 70 (1978). On the other hand, if the constitutionality of a statute, the construction of a law or regulation, or the formulation of a policy to be applied generally is questioned, then the action is quasi-legislative, and a declaratory judgment action may be the proper remedy. *See Bonacci v. City of Aurora*, 642 P.2d 4 (Colo.1982); *Collpy v. Wildlife Commission*, 625 P.2d 994 (Colo.1981).

In making this determination, the court must also look at the primary purpose of the action as well as the potential scope and effect of the decision. It must determine whether the action merely resolves specific rights of a particular party, whether it challenges a regulation as applied to the general public or some significant portion thereof, or whether the decision provides only a review of a past ruling or affects prospective situations. See *Tri-State Generation & Transmission Co. v. City of Thornton*, 647 P.2d 670 (Colo.1982); *Collopy v. Wildlife Commission, supra.*

We agree with the trial court's decision in this case. Meyer's ruling applies not only to Coors and Colorado Disposal, but to all corporations and their conduct in the future. Her action was quasi-legislative in nature—no hearing was held and Meyer clearly intended the rule announced in her decision to be general in its application. A

memorandum explaining her decision to exempt corporations from reporting requirements of the CRA was sent to all major media and stated: "My office will consistently apply this statute."

Thus, even if judicial review had been available to Common Cause following Meyer's ruling, such review was not the exclusive remedial vehicle. *See Collopy v. Wildlife Commission, supra.* This declaratory judgment action was an available appropriate alternative remedy in these circumstances.

## II.

■ The question whether corporations are required to file reports disclosing their political contributions under §§ 106 and 108 of the CRA depends on what constitutes a "political committee." CRA § 103(10) provides:

" 'Political committee' means any two or more persons who are elected, appointed, or chosen or who have associated themselves or cooperated for the purpose of accepting contributions or contributions in kind or making expenditures to support or oppose a candidate for public office at any election or seek to influence the passage or defeat of any issue. 'Political committee' includes any political party or committee thereof at any level or a political organization as defined in section 1–1–104. 'Political committee' also includes a separate political education or political action fund or committee which is associated with an organization or association formed principally for some other purpose and includes an organization or association formed principally for some other purpose insofar as it makes contributions or contributions in kind or expenditures."

Common Cause contends the plain language of the statute, particularly the last sentence, includes corporations in the category of political committees which are required to report political contributions. Meyer argues to the contrary, and intervenor, Colorado Association of Commerce and Industry, joins in her contention. We agree with Meyer. This last sentence does not mention corporations, and the general assembly made no explicit provision to include corporations in this subsection.

Furthermore, we do not find this decision at odds with legislative intent. CRA § 102 declares "that the interests of the people of this state can be better served through a more informed public; that the trust of the people is essential to representative government; and that public disclosure and regulation of certain campaign practices will serve to increase the people's confidence in their elected officials." This goal of disclosure is accomplished by requiring the recipients of the corporate contributions to file reports.

We agree with the trial court that a corporation which contributes to a campaign is not a political committee under the CRA; accordingly, they are exempt from the reporting requirements of that Act.

Judgment affirmed.

SMITH and BERMAN, JJ., concur.