404 N.W.2d 46 (1987)
225 Neb. 271
CAMPUS LIGHT HOUSE MINISTRY, Appellant,
v.
BUFFALO COUNTY BOARD OF EQUALIZATION, Buffalo County Board of Supervisors, Appellee.
No. 86-1052.
Supreme Court of Nebraska.
April 17, 1987.
*47 Kent D. Turnbull, North Platte, for appellant.
Gerald R. Jorgensen, for appellee.
KRIVOSHA, C.J., and BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN and GRANT, JJ.
KRIVOSHA, Chief Justice.
The specific question raised by this appeal is whether a taxpayer which claims that its property is exempt from taxation may first file a claim with the county board of equalization seeking exemption from taxation, pursuant to the provisions of Neb. Rev.Stat. § 77-202.01 (Reissue 1981), and, after being denied the exemption and failing to appeal, pursuant to Neb.Rev.Stat. § 77-202.04 (Reissue 1986), may pay the tax and seek a refund under the provisions of Neb.Rev.Stat. § 77-1736.10 (Reissue 1986).
The district court for Buffalo County, Nebraska, found that the taxpayer could not, and sustained a demurrer filed by the appellee, Buffalo County Board of Equalization, to the petition in error filed by the appellant, Campus Light House Ministry. We agree with the district court, and affirm.
Because the matter comes to us on a demurrer, there are no issues of fact. We review the case, therefore, under the rule that the demurrer admits the truth of all facts well pleaded but not conclusions of fact drawn therefrom by the pleader. See Thurston County v. Farley, 128 Neb. 756, 260 N.W. 397 (1935).
The petition alleges that the appellant, Campus Light House Ministry, is a recognized nonprofit corporation and the owner of certain real estate in Buffalo County, Nebraska. The petition then alleges that the property involved in this action is used solely for religious reasons in that the building is primarily used as offices and meeting places for the campus ministry. The petition then alleges that applications for full tax-exempt status were submitted by Campus Light House Ministry for the years 1982 and 1983 and that on February 9, 1982, and February 15, 1983, the Buffalo County Board of Supervisors acting as the Buffalo County Board of Equalization denied the requests for full exemption for 1982 and 1983, setting the tax exemption rate at 50 percent of value.
Campus Light House Ministry then alleges that on December 26, 1985, the taxes for 1982 and 1983 were paid in full and a claim was filed with the county board of supervisors requesting a refund pursuant to § 77-1736.10. The petition then alleges that a hearing was thereafter held before the board of supervisors and the claim for refund denied. It is the refusal of this claim for refund from which Campus Light House Ministry sought to appeal to the district court for Buffalo County, Nebraska. The petition further alleges that the assessment of tax for the years 1982 and 1983 against the property of Campus Light House Ministry is "a tax illegally assessed against protected property under the Nebraska Constitution, Article 8, Section 2, and Neb.Stat. 77-202(c) (Reissue 1981)." The petition further alleges that the board of equalization's actions in 1982 and 1983 were arbitrary and unreasonable. It is to this petition which the appellee filed a demurrer.
In support of its position, Campus Light House Ministry argues that it had a statutory right to seek a refund from Buffalo County of taxes which were illegally assessed pursuant to the provisions of § 77-1736.10. The difficulty with appellant's argument is that it seeks to create an issue of fact which has previously been resolved against Campus Light House Ministry and is therefore not properly a matter which can be attacked pursuant to the provisions of § 77-1736.10.
Neb.Rev.Stat. § 77-202(1) (Reissue 1981) provides in part that "[t]he following property shall be exempt from taxes: ... (c) Property owned by educational, religious, charitable, or cemetery organizations and used exclusively for educational, religious, charitable, or cemetery purposes...." Section 77-202.01 then provides, in part: "Any person, corporation, or organization seeking tax exempt status for any real *48 property shall apply for exemption to the county assessor by January 1 of the year following adoption of sections 77-202.01 to 77-202.07, on forms prescribed by the Tax Commissioner."
Neb.Rev.Stat. § 77-202.02 (Reissue 1986) then provides for the procedure whereby the county board of equalization conducts a hearing and rules upon the request for exemption. Under § 77-202.02 the county board of equalization is required to either "grant or withhold tax exemption for the real property or tangible personal property except motor vehicles on the basis of law and of regulations promulgated by the Tax Commissioner."
In the event that the county board of equalization shall refuse to grant the exemption, § 77-202.04 provides the appropriate appeal procedure. It reads in part:
Persons, corporations, or organizations denied exemption from taxation for real or tangible personal property, including motor vehicles, by a county board of equalization may appeal de novo to the district court of the county where such real or tangible personal property, including motor vehicles, is located in the same manner and under the same procedure as provided by sections 77-1510 and 77-1511, in the case of appeals from other actions of a county board of equalization, except that such appeal shall be taken within twenty days after the certification of the decision, determination, or order made by such board of equalization....
We have had previous occasions to review these procedures. In Bemis v. Board of Equalization of Douglas County, 197 Neb. 175, 177, 247 N.W.2d 447, 449 (1976), we said:
The provisions of sections 77-202.01 through 77-202.07, R.R.S. 1943, are clear and comprehensive. These provisions, adopted in 1963 as L.B. 386, constitute a complete and comprehensive act dealing with the matter of tax exemptions. They specifically provide who may appeal from the decision of the county board of equalization on a tax exemption determination.
Thereafter, in United Way of the Midlands v. Douglas County Board of Equalization, 199 Neb. 323, 326, 259 N.W.2d 270, 272 (1977), we said: "[I]n appeals under section 77-202.04, R.R.S. 1943, the giving of the notice of appeal and the furnishing of an appeal bond are the only jurisdictional requirements which must be completed within the 20-day period." It seems, therefore, clear beyond question that a full and complete procedure has been developed by the Legislature to handle situations where one first seeks exemption from the county board of equalization and, upon being denied the exemption, appeals to the district court.
Section 77-1736.10 involves a totally different situation, and not one within the allegations of appellant's petition. Section 77-1736.10 provides in part:
Any person who has paid a tax upon property that he claims was illegally assessed for the reason that such property was exempt under section 77-202, shall file a claim with the county board, or the city governing board for tax paid directly to a city, as the case may be, for a refund of such tax within three years after the tax is paid
. . . .
Presumably, if the claim is rejected, an appeal can then be taken to the district court of the appropriate county.
The problem with appellant's argument, however, is that it reads the phrase "that he claims was illegally assessed" to mean that if any person makes the claim, regardless of the legitimacy of that claim, that person may pay the tax and seek a refund. That is not at all what the language means. In the first instance, § 77-1736.10 was introduced and adopted by the Legislature to address those situations where individuals, believing their property no longer exempt, paid the tax. If it was later determined by court decision that, in fact, the state's action in declaring the property taxable was void, there was no procedure available for the taxpayer to recover back the tax moneys previously paid by the taxpayer and illegally collected by the state.
*49 That is not the situation as pleaded by appellant herein. Appellant acknowledges that before paying the taxes it sought a determination from the Buffalo County Board of Equalization that the property was exempt. It is further acknowledged that when that request was denied, appellant did not appeal within 20 days, as required by § 77-202.04. The determination by the county board that the property was only 50 percent exempt was a final and binding determination, and, therefore, appellant was without basis to contend that the property was exempt under § 77-202, and therefore illegally assessed in 1982 and 1983. See City of Lincoln v. Soukup, 215 Neb. 732, 340 N.W.2d 420 (1983). By accepting the determination of the board of equalization and thereafter paying the tax, appellant waived any right to such claim. Were we to hold otherwise, individuals who sought exemption and who were denied their claim could choose to ignore the decision, pay the tax, and start all over again. Campus Light House Ministry was given a full and adequate procedure to both seek an exemption and, upon denial, seek redress in the courts. It chose not to do so. It is therefore not able to now start all over. The action of the district court sustaining the demurrer of the appellee, Buffalo County Board of Equalization, was correct. The judgment is affirmed.
AFFIRMED.